HERMENEGILDO HANCE, demandante y apelante, *v.* R. MÉNDEZ & HNO., demandada y apelada.

Núm. 7684.—*Sometido:* Marzo 23, 1939. *Resuelto:* Abril 28, 1939.

*Luis Apellániz Storer*, abogado del apelante; *E. H. F. Dottin*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 24 de noviembre de 1937, al revocar este tribunal la

sentencia que con fecha 6 de abril de 1935 había dictado la corte inferior, declaró con lugar la demanda y condenó a la demandada al pago de una indemnización de $3,000 y las costas (52 D.P.R. 336). Guardó silencio con respecto a honorarios de abogado.

Dentro del término de ley el demandante archivó en la corte de distrito su memorándum de costas, entre cuyas partidas incluía una por $1,000 por concepto de honorarios de abogado. Lo impugnó la demandada en cuanto a varias partidas, entre ellas la de honorarios, y sometida la cuestión, la corte dictó resolución modificando una de las partidas impugnadas y desaprobando otras. La partida de honorarios de abogado fué desaprobada en su totalidad por estimar la corte que no habían sido concedidos por la sentencia que dictó este tribunal.

Apeló el demandante y por estipulación de las partes limitó el recurso a la partida de honorarios de abogado.

La única cuestión a resolver en este recurso es la de si la condena de costas que se pronunció en la sentencia de este tribunal incluye o no honorarios de abogado.

Arguye el apelante que la sentencia que dictó este tribunal en grado de apelación el 24 de noviembre de 1937 es la que debió haber dictado la corte de distrito el 6 de abril de 1935 y como en esta última fecha, de acuerdo con la ley que entonces imperaba, según había sido interpretada repetidamente por este tribunal, la palabra "costas" en un pronunciamiento incluía honorarios de abogado, a menos que expresamente se excluyeran por el tribunal sentenciador, el pronunciamiento de costas que se hizo por este tribunal sin haberlos excluído los incluye, y que por consiguiente tiene derecho el apelante a que le sean tasados en su memorándum de costas.

Sostiene la apelada que la ley aplicable no es la que regía al tiempo de dictarse la sentencia de la corte inferior, sino la que imperaba el 24 de noviembre de 1937, cuando se dictó la de este tribunal, y que siendo así como de acuerdo

con el artículo 327 del Código de Enjuiciamiento Civil, lo mismo según fué enmendado por la Ley número 69 de 11 de mayo de 1936 (leyes de ese año, pág. 353) como por la número 94 de 11 de mayo de 1937 (leyes de ese año, pág. 239), la condena de costas no incluye honorarios de abogado a menos que expresamente se haga tal pronunciamiento, claro es, según la apelada, que la condena de costas en la sentencia de 24 de noviembre de 1937 no incluye tales honorarios.

Tanto bajo el imperio de la ley que existía el 6 de abril de 1935 como bajo el de la que regía el 24 de noviembre de 1937, la condena de honorarios de abogado es cuestión que descansa en la sana discreción del tribunal sentenciador, habida cuenta de la temeridad y grado de culpa de la parte contra quien se dicte la sentencia. La única diferencia entre una y otra ley en cuanto a este punto es que de acuerdo con la primera la condena de costas incluye honorarios de abogado a menos que expresamente se excluyan, mientras que bajo la segunda los honorarios de abogados no están comprendidos en el pronunciamiento de costas a menos que expresamente se incluyan, debiendo en este último caso determinarse en la sentencia el montante de los mismos. De manera, pues, que la parte a cuyo favor se dicta la sentencia no tiene, bajo ninguna de dichas leyes, un derecho adquirido (*vested right*) a una condena de honorarios de abogado a su favor. Todo depende de la forma en que ejercite su discreción la corte sentenciadora. No sucede como con las costas, propiamente dichas, que por disposición expresa de la ley en vigor deben en todo caso concederse a la parte victoriosa.

A nuestro juicio la manera de resolver la controversia es determinando cuál fué la intención de este tribunal al hacer el pronunciamiento de costas en su sentencia de 24 de noviembre de 1937.

Considerando que este tribunal, al dictar la sentencia de 24 de noviembre de 1937 conocía la ley y el significado que entonces tenía la palabra "costas", y que si deseaba ejercitar su discreción a favor del demandante concediéndole ho-

norarios de abogado debía expresarlo así en su sentencia, determinando a la vez el montante de los mismos, pues para esa fecha la condena de costas no incluía honorarios de abogado, fácil es comprender que al no incluirlos en su sentencia, fué su intención no concederlos.

No habiendo hecho este tribunal pronunciamiento alguno con respecto a honorarios de abogado y no estando éstos incluídos en la condena de costas cuando se dictó dicha sentencia, no cabe otra conclusión que no sea la de que no fueron concedidos.

Siendo ello así, *procede confirmar la resolución apelada.*