Aníbal Martínez, haciendo negocios bajo el nombre de Martínez & Márquez, demandante y apelado, *v.* Rafael Sancho Bonet, en su carácter de Tesorero de Puerto Rico. demandado y apelante.

Número 10795.

*Sometido:* 26 de enero de 1953. *Resuelto:* 12 de julio de 1954.

*Hon. Secretario de Justicia Interino J. B. Fernández Badillo y Manuel J. Medina Aymat, Procurador Auxiliar,* abogados del apelante; *Arturo Ortiz Toro,* abogado del apelado.

El Juez Asociado Señor Belaval emitió la opinión del tribunal.

Todo lo que tenemos que resolver en este caso es si ciertos equipos y accesorios de aire acondicionado, vendidos por el demandante y apelado entre el 24 de agosto de 1938 y el 5 de julio de 1939, estaban o no cubiertos por el inciso 27 de la sec. 16 de la Ley núm. 85 de 20 de agosto de 1925 (pág. 585) según quedó enmendado por la Ley núm. 108 de 15 de mayo de

1936 ((1) pág. 567), de la Décimotercera Asamblea Legislativa de Puerto Rico, que dispone:

"*Abanicos y ventiladores eléctricos, neveras y estufas de todas clases, partes y accesorios.*—Sobre todo abanico y ventilador eléctrico, aparatos automáticos movidos por gas flúido o electricidad, neveras y estufas de todas clases, y sobre toda parte y accesorios para los artículos aquí enumerados, que se vendan, traspasen, fabriquen, usen o introduzcan en Puerto Rico, un impuesto de diez (10) por ciento sobre el precio de venta."

La ilustrada Sala Sentenciadora resolvió que los equipos y accesorios de aire acondicionado no estaban incluídos dentro de dicho inciso. En apelación, el anterior Tesorero de Puerto Rico alega que la ilustrada Sala Sentenciadora cometió error al resolver que los aparatos de aire acondicionado no son abanicos o ventiladores eléctricos ni tampoco están incluídos en la frase "aparatos automáticos movidos por gas flúido o electricidad," que los aparatos de aire acondicionado objeto de este recurso no están sujetos al pago del arbitrio impuesto por la sec. 16, inciso 27 de la Ley de Rentas Internas de Puerto Rico, que las leyes imponiendo contribuciones se interpretan siempre restrictivamente en contra del arbitrio que se impone y al condenar al demandado y apelante al pago de las costas.

■■ No tenemos que pasar sobre el aspecto puramente técnico de si un equipo de aire acondicionado es o no es idéntico o similar a un abanico o ventilador eléctrico. Nuestra misión en este caso es muy sencilla: determinar si la Asamblea Legislativa de Puerto Rico, al aprobar el inciso 27 de la sec. 16 de la Ley núm. 108 de 15 de mayo de 1936, incluyó o no incluyó dentro de los conceptos nominales implícitos dicho equipo. Nuestra conclusión es que no lo incluyó. Si examinamos la Ley núm. 158 de 13 de mayo de 1941 ((1) pág. 949) de la Décimoquinta Asamblea Legislativa de Puerto Rico nos encontramos que en vez de incluir los equipos de aire acondicionado dentro del inciso 26 de la sec. 16, (inciso 27 de la sec. 16 de la anterior ley) que se refiere a abanicos y ventiladores eléctricos o aparatos automáticos movidos por gas

flúido o electricidad, los incluyó en el inciso 20 de la misma sec. 16 que dispone:

"*Aparatos eléctricos o de gas flúido para iluminación o calefacción o para acondicionamiento de aire*—Sobre todo aparato eléctrico o de gas flúido para iluminación o calefacción *o para acondicionamiento de aire*, y sobre toda parte y accesorios para los mismos, excluyendo alambre eléctrico que se fabrique, venda, traspase, use o introduzca en Puerto Rico, un impuesto de diez (10) por ciento sobre el precio de venta."

La jurisprudencia ha establecido el canon de interpretación, que esta post-intención legislativa debe prevalecer, cuando la enmienda de inclusión específica, se produce después de algún tiempo de la promulgación de la ley anterior, por una Asamblea Legislativa distinta, sin haber mediado ninguna controversia judicial sobre el correcto significado o alcance del texto anterior: 2 Sutherland *Statutory Construction* 526 *et seq.*, cita precisa a las págs. 527 y 528. (Tercera ed. de Callaghan and Company), (1943). Hemos escrutinizado las decisiones de este tribunal durante el período de tiempo comprendido entre la vigencia de la Ley núm. 108 de 15 de mayo de 1936 y de la Ley núm. 158 de 13 de mayo de 1941 y no hemos encontrado ninguna opinión o sentencia donde estuvieran envueltos los incisos referidos, que en alguna forma pudieran explicar la enmienda posterior del estatuto. Es obvio pues que estamos frente a una enmienda de inclusión de algo no anteriormente comprendido y no ante una enmienda aclarativa.

Estamos de acuerdo con el demandado y apelante que la imposición de costas fué errónea, por no haber el soberano consentido por una ley específica a la imposición de dichas costas: *Pueblo* v. *García*, 66 D.P.R. 504, (De Jesús), (1946), cita precisa final de pág. 513 y principio de pág. 514.

*Debe modificarse la sentencia en el sentido de eliminar la imposición de costas, y así modificada se confirma.*