SUCESIÓN DE JAVIER ARROYO y de MARÍA DE LAS NIEVES ARROYO, ETC., demandantes y recurrentes, *v.* MUNICIPIO DE CABO ROJO, PUERTO RICO, ESTADO LIBRE ASOCIADO DE PUERTO RICO y WILLIAM MEDINA TORRES, demandados y recurrente el segundo.

Número 88.

*Sometido:* 18 de mayo de 1959. *Resuelto:* 28 de mayo de 1959.

*Hon. Secretario de Justicia Hiram R. Cancio (Francisco Espinosa, Secretario de Justicia Interino,* en la solicitud de revisión y en el memorándum) ; *Arturo Estrella, Secretario*

*Auxiliar* y *Jorge Ruiz Rivera, Procurador Auxiliar,* abogados del recurrente; *Yamil Galib Frangie,* abogado de los recurridos; *Inés Acevedo Campos,* abogada del Sr. Medina.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

La Sala sentenciadora estimó que tenía facultad para imponer al Estado Libre Asociado el pago de honorarios de abogado en un pleito de daños y perjuicios seguido al amparo de la Ley de Reclamaciones y Demandas Contra el Estado de 1955. 32 L.P.R.A. Sup. Acum. 1958, secs. 3061–3107. Aunque en su sentencia no hizo una conclusión específica al efecto de que este codemandado había actuado con temeridad, le condenó como parte perdidosa a pagar a los demandantes $500 por concepto de honorarios de abogado. Por ello, según nuestra doctrina jurisprudencial, debemos presumir que tal conclusión está implícita en la sentencia dictada. Véanse *Font* v. *Pastrana,* 73 D.P.R. 247, 251–252 (1952) y *Rodríguez* v. *Alcover,* 78 D.P.R. 822, 826 (1955). Expedimos el auto de revisión en vista de la importancia de la cuestión así planteada.

Antes de 1955 no existía en Puerto Rico ningún precepto legal que facultara a los tribunales para imponer costas y honorarios de abogado contra el Estado. Esto resulta perfectamente claro de un examen de nuestra legislación. Y, con indudable acierto, las sentencias reiteradas de este Tribunal así lo proclamaron en distintas ocasiones. Por ejemplo, en *Pueblo* v. *García,* 66 D.P.R. 504 (1946) indicamos que el derecho a justa compensación del dueño de una propiedad expropiada ". . . no incluye compensación por costas, desembolsos y honorarios de abogado . . .", y a la vez revocamos el pronunciamiento del tribunal de instancia que impuso el pago de las costas y honorarios de abogado al Estado en un caso de expropiación forzosa. Declaramos que: ". . . [N]o existiendo ningún estatuto insular que autorice a los tribunales para imponer costas y honorarios de abogado a El Pueblo de Puerto Rico, erró la corte inferior al hacer ese pronuncia-

miento." (Pág. 514.) Varios años más tarde, en *Martínez & Márquez* v. *Sancho, Tes.*, 76 D.P.R. 914 (1954), al confirmar una sentencia declarando con lugar una demanda sobre reintegro de arbitrios, reiteramos el criterio de que ". . . la imposición de costas (al Estado) fue errónea, por no haber el soberano consentido por una ley específica a la imposición de dichas costas . . ." (Pág. 916.) Sobre este punto, la única disposición general que existía en nuestros estatutos era una que prohibía la imposición de costas y honorarios de abogados contra el Estado. En efecto, el art. 5 de la Ley núm. 76 de 1916 disponía expresamente como sigue: "Los honorarios de abogado, desembolsos y costas no serán nunca impuestos contra El Pueblo de Puerto Rico." Leyes, págs. 155, 156; 32 L.P.R.A. sec. 3065.

Ahora bien, ¿se alteró esta regla de exclusión en virtud de la Ley núm. 104 de 1955? En cuanto a las *costas* es indudable que sí. Las palabras taxativas del legislador cierran toda posibilidad de discusión en esta materia. Primero: el art. 11 de la referida ley derogó la prohibición general que contenía la Ley núm. 76 de 1916, según enmendada. Véase 32 L.P.R.A. Sup. Acum. 1958, secs. 3062–3073 y la nota bajo la sec. 3077. Segundo: el art. 8 dispone que la sentencia contra el Estado en las acciones autorizadas ". . . no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos", pero a renglón seguido añade en términos que no pueden ser más explícitos: *"La imposición de costas se regirá por el procedimiento ordinario".* (Subrayado nuestro.) 32 L.P.R.A. Sup. Acum. 1958, sec. 3083. Por lo tanto, no caben reservas ni distingos respecto a los gastos o desembolsos que tienen el concepto de "costas", según lo dispuesto en el art. 327 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 1461) y en la Regla 44 de Procedimiento Civil de 1958 (32 L.P.R.A. Sup. Acum. 1958, Ap. R. 44). Si el Estado es la parte perdidosa en una acción autorizada por la Ley núm. 104 de 1955, la imposición de costas es obligatoria. En este concepto el Es-

tado es responsable como cualquier ciudadano particular: es bien sabido que las disposiciones legales vigentes sobre "costas" no conceden discreción alguna a los tribunales, por lo cual deben imponerlas siempre a la parte contra quien se dicta sentencia. Véanse *Vélez* v. *Ríos*, 76 D.P.R. 860 (1954) y *Colón* v. *Asociación Cooperativa Lafayette*, 67 D.P.R. 271 (1947). Cf. *Sierra* v. *Morales*, 72 D.P.R. 693 (1951).

Sin embargo, lo mismo no ocurre cuando se trata de la imposición de honorarios de abogado. Ciertamente éstos no forman parte de las *"costas"* de que nos habla el art. 8 de la Ley núm. 104 de 1955. Un breve rodeo nos aclarará la cuestión. Originalmente, a tenor con el art. 327 del Código de Enjuiciamiento Civil (ed. 1933), la condena de costas era discrecional e incluía los honorarios de abogado, a menos que el tribunal los excluyera en forma explícita. De ahí que la cuantía de los mismos se determinase al aprobar el memorándum de costas. Véase *Díaz* v. *Ramos*, 54 D.P.R. 3 (1938) y los casos allí citados.[1] Pero, a partir de la aprobación de la Ley núm. 69 de 1936 (Leyes, pág. 353) y de la Ley núm. 94 de 1937 (Leyes, pág. 239), que enmendaron radicalmente el referido art. 327, se produce en Puerto Rico una disociación entre los conceptos de "costas" y "honorarios de abogado". Como costas propiamente dichas se enumeran y especifican una serie de desembolsos, ninguno de los cuales

---

[1] El citado art. 327 disponía en 1933 como sigue:

"Las partes en acciones o procedimientos, incluyendo El Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

"En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose*, que nada de lo contenido en esta sección, se entenderá que concede honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento; Y *disponiéndose*, además, que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia." Código de Enjuiciamiento Civil (ed. 1933), pág. 154.

'comprende el importe de los honorarios de abogado. La imposición de dichas costas a la parte perdidosa deja de ser ·discrecional y se convierte en una condena inexcusable y 'obligatoria.(²) Por el contrario, en cuanto a los honorarios de abogado, se dispone que sólo deben concederse cuando la parte perdidosa "haya procedido con temeridad." Además, ya no cabe incluir los honorarios en el memorándum de costas porque el tribunal tiene que fijar la cuantía de los mismos en su sentencia, considerando el grado de culpa de la parte y la tarea profesional del abogado. Por eso la norma invariable en Puerto Rico desde 1936 ha sido que

(²) Tal como fue enmendado en 1936, 1937 y 1951, el art. 327 del Código de Enjuiciamiento Civil disponía en lo pertinente que:

"La parte a cuyo favor se dicte cualquier sentencia o resolución final le serán concedidas las costas, las cuales comprenderán los siguientes desembolsos:

(1) Cualquier cantidad pagada al secretario de la corte o a cualquier alguacil del Tribunal Superior;

(2) Lo desembolsado por copias auténticas de escrituras y certificaciones del registro de la propiedad o de cualesquiera otros récords oficiales, que hayan sido admitidos en evidencia;

(3) Dos (2) dólares por cada testigo y por cada día de asistencia a la corte, más millaje para ida y vuelta a su residencia; *Disponiéndose*, que la corte fijará, atendidas todas las circunstancias, la compensación razonable por la asistencia de testigos peritos;

(4) Lo pagado al taquígrafo de la corte para transcripción de cualquier prueba testifical o procedimiento habidos en corte abierta, si dicha transcripción es ordenada por la corte;

(5) Cinco (5) dólares como honorarios de notario y justo valor del trabajo taquigráfico en la toma de cualquier deposición que fuera admitida en evidencia; y

(6) Cualquier otro desembolso necesariamente hecho con relación a la tramitación del caso, que la corte crea propia, y que estuviere sujeto a arancel.

En caso de que cualquier parte haya procedido con temeridad la corte debe imponerle en su sentencia el pago de los honorarios del abogado de la otra parte, estableciendo en su sentencia el montante de dichos honorarios, teniendo en cuenta el grado de culpa en el litigio y trabajo necesariamente prestado por el abogado de la otra parte; *Disponiéndose*, que nada de lo contenido en esta sección se entenderá en el sentido de conceder honorarios de abogado para ser incluídos en las costas que se impusieran a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento, excepto en el caso de que dicho demandado se hubiere obligado a ello." 32 L.P.R.A. sec. 1461.

" . . . *los honorarios no forman parte de las costas como cuestión corriente"*. *García* v. *Sucn. Rodríguez*, 61 D.P.R. 612, 616 (1943). Véanse además, *McCormick* v. *González Martínez*, 52 D.P.R. 912, 914–916 (1938); *Pueblo* v. *Berríos*, 54 D.P.R. 509, 518 (1939), y *Hance* v. *R. Méndez & Hno.*, 54 D.P.R. 706, 708 (1939). Las nuevas Reglas de Procedimiento Civil de 1958 conservan y reiteran esta tradicional distinción entre las costas propiamente dichas y los honorarios de abogado. Definen el concepto de costas como "todas las partidas de gastos y desembolsos necesarios" en que se incurra durante la tramitación del pleito, procedimiento o apelación. Pero obviamente los honorarios de abogado están excluídos de las costas, ya que se dispone en forma específica y separada cómo y cuándo se concederán honorarios a la parte victoriosa. Véanse 32 L.P.R.A. Sup. Acum. 1958, Ap. R. 44.4 y 52.2.

Por otro lado, el historial legislativo demuestra en forma decisiva (1) que la Ley núm. 104 de 1955 sólo permite la imposición de las "costas" propiamente dichas al Estado Libre Asociado, y (2) que el legislador deliberadamente excluyó la responsabilidad del Estado por "honorarios de abogado". El proyecto de la Cámara núm. 1145, que finalmente se convirtió en la Ley de Reclamaciones y Demandas contra el Estado de 1955, contenía al principio en su art. 8 la siguiente disposición: "La sentencia contra el Estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia. *La imposición de costas y honorarios se regirá por el procedimiento ordinario*." (Subrayado nuestro.) Pero en el Senado dicho proyecto se aprobó con una enmienda que justamente eliminó las palabras *"y honorarios"* del texto del art. 8. Además se le añadió al final de la primera oración *"ni concederá daños punitivos"*. Diario de Sesiones—Procedimientos y Debates de la Asamblea Legislativa, Vol. 6, tomo 3, págs. 1786–1787 (1955). Más tarde, la Cámara de Representantes aceptó esas enmiendas introducidas por el Senado, y así quedó finalmente redactado el citado art. 8 de la Ley.

.Evidentemente la Asamblea Legislativa tuvo plena conciencia ·del alcance de la eliminación de las palabras *"y honorarios"*. .Así surge de los debates legislativos en que se explica el motivo o fin esencial perseguido por esa disposición del art. 8 de la Ley:

"Sr. POLANCO ABRÉU: El día 18 de mayo se designó por el Presidente de la Cámara una Comisión de Conferencia en relación al P. de la C. 1145. Este proyecto es el que establece la ley general para las reclamaciones y demandas contra el Estado. Este proyecto fue enmendado por el Senado y de primera intención las enmiendas, a juicio de la Comisión de lo jurídico, necesitaban estudio. Sin embargo, analizadas esas enmiendas que consisten en lo siguiente, a saber: (1) Aumenta la compensación de 10 a 15 mil dólares; (2) No permite que los abogados que litiguen contra el Estado puedan cobrar honorarios, y (3) no concede daños punitivos, esas tres enmiendas son, a mi juicio, deseables y las mismas mejoran el proyecto. Dentro de esas circunstancias, yo solicito que la Cámara desista de la Conferencia con el Senado, así se notifique al Senado de Puerto Rico y que se desista de la conferencia. Que se notifique al Senado y que se concurra con las enmiendas introducidas por el Senado, que son las que acabo de explicar.

Sr. APONTE: Una pregunta, señor Presidente al Compañero.

Sr. PRESIDENTE: Señor Aponte.

Sr. APONTE: El compañero Polanco Abréu acaba de manifestar que una de las enmiendas introducidas por el Senado es en el sentido de que los abogados que llevan casos contra el Estado no cobren honorarios. Y yo quiero ver si eso es así o es que lo que él quiere decir es que en la sentencia que recaiga contra el Estado no se reconocerán honorarios, que es una cosa distinta.

Sr. POLANCO ABRÉU: No, lo que he querido significar es que el proyecto incluía, o podía, o daba facilidad y facultad al magistrado para conceder honorarios al demandante. Lo que la enmienda del Senado contempla es que no se concedan honorarios en la sentencia. Naturalmente, que eso no priva que pueda haber el cobro legítimo de honorarios, pero sin que la sentencia lo tenga que decir, necesariamente.

Sr. PRESIDENTE: ¿Satisfecho el señor Aponte?

Sr. Muñoz Padín: Señor Presidente.

Sr. Presidente: Señor Muñoz Padín.

Sr. Muñoz Padín: ¿Terminó el compañero Polanco Abréu?

Sr. Polanco Abréu: Bueno, yo hice ...

Sr. Muñoz Padín: Pues, después que termine el compañero Polanco Abréu, señor Presidente.

Sr. Presidente: ¿Entonces no eran preguntas al Presidente?

Sr. Muñoz Padín: No, no.

Sr. Presidente: Entonces los que estén de acuerdo con la moción en relación con el proyecto mil ciento ...

Sr. Polanco Abréu: Mil ciento cuarenticinco.

Sr. Presidente: 1145, a los efectos de que notifique al Senado de que la Cámara desiste de la Conferencia y acepta las enmiendas.

(Se somete a votación la moción y es aprobado.)" Diario de Sesiones—Procedimientos y Debates de la Asamblea Legislativa, Vol. 6, tomo 4, pág. 2183 (1955).([3])

Siendo ello así, *procede eliminar de la sentencia recurrida el pronunciamiento que impone al Estado Libre Asociado el pago de $500 por concepto de honorarios de abogado, y así modificada se confirma dicha sentencia.*

---

([3]) Este criterio adoptado por nuestros legisladores nos lleva a señalar que la ley federal (*Federal Tort Claims Act*—28 U.S.C. secs. 1346, 2671 et seq.) concede facultad al tribunal para fijar la cuantía de los honorarios de abogado en una suma razonable que nunca excederá del 20 por ciento de la indemnización. Pero no se trata de la concesión de honorarios en adición a la cantidad fijada para indemnizar los daños y perjuicios sufridos. Al revés, dichos honorarios se pagan siempre con cargo al monto de la indemnización. Además la ley federal prohibe a los abogados cobrar honorarios en exceso del máximum señalado e impone hasta $2,000 de multa o un año de cárcel, o ambas penas, por violar dicha prohibición. Véase 28 U.S.C.A. sec. 2678. No obstante, se permite la imposición de las "costas" a los Estados Unidos, pero "sin incluir honorarios de abogado". Véase 28 U.S.C.A. sec. 2412. Cf. *North Atlantic & Gulf S. S. Co.* v. *United States*, 209 F.2d 487 (2d⁰ Cir. 1954). Sobre estos aspectos de la ley federal, véanse también Wright, *The Federal Tort Claims Act* (1957) 138–148 y la serie de artículos publicados en 29 N.Y.U.L.Rev. 1321 y siguientes (1954) y en 7 Vand.L.Rev. 175 y siguientes (1954).