EFRAÍN PIÑEIRO, demandante y recurrente, *v.* CORPORACIÓN DE RENOVACIÓN URBANA Y VIVIENDA DE PUERTO RICO, demandada y recurrida.

*Número:* R-77-189 *Resuelto:* 30 de septiembre de 1977

*Ismael E. Marrero,* abogado del recurrente; *Raúl Barquet Trujillo, Jorge Santos Santiago* y *Rafael Alvarez Fortuño,* abogados de la recurrida.

PER CURIAM: El demandante recurrente obtuvo ante el tribunal de instancia sentencia a su favor. El 24 de octubre de 1974 se archivó en autos copia de la notificación de la misma. Siete días más tarde el demandante radicó su memorando de costas. La Corporación de Renovación Urbana y Vivienda (la "CRUV") no presentó entonces planteamiento alguno.

El 10 de noviembre de 1976, más de dos años después de radicado el memorando de costas y luego de haber sido confirmada la sentencia, el demandante recurrente solicitó la aprobación del mismo. El tribunal de instancia accedió. La CRUV requirió con éxito la reconsideración de tal fallo, declarándose improcedente la concesión de costas. De esta resolución se recurre ante nos.

■ Alega el recurrente que erró el Tribunal Superior al determinar que la CRUV está exenta del pago de costas en un procedimiento civil donde resulta ser la parte perdidosa. No se cometió el error.

El Art. 2(a) de la Ley Núm. 88 de 22 de junio de 1957, según enmendada, 17 L.P.R.A. sec. 22(a), dispone que la CRUV "tendrá los mismos poderes, deberes, funciones y facultades conferidos, de acuerdo con legislación anterior, a la Autoridad sobre Hogares de Puerto Rico. . . ." Conforme al inciso (b) del Art. 2 citado, la necesaria transferencia habría de efectuarse mediante órdenes ejecutivas del Gobernador. La orden correspondiente data de 9 de octubre de 1958. Boletín Administrativo de Puerto Rico, Núm. 436. Sobre la amplitud del traspaso, véase la Opinión del Secretario de Justicia Núm. 20 de 30 de abril de 1970.

El Art. 20 de la Ley Núm. 126 de 6 de mayo de 1938, 17 L.P.R.A. sec. 51, a su vez especificaba que la Autoridad sobre Hogares no sería requerida "a prestar fianza o a pagar derechos, impuestos, cargos o costas de clase o naturaleza alguna en relación con la institución o defensa, y la subsiguiente prosecución como demandante, demandada o en cualquier otro carácter, en cualquier acción o procedimiento judicial o administrativo. . . ."

Resulta claro a la luz de lo expuesto que la CRUV continúa gozando de la exención del pago de costas disfrutada originalmente por la Autoridad sobre Hogares. No hay indicio en el historial legislativo de intención en contrario.[1]

---

[1] La situación de la CRUV en este sentido es diferente a la del Es-

El recurrente alega que el Art. 1 (2) de la referida Ley Núm. 88 de 22 de junio de 1957, 17 L.P.R.A. sec. 21 (2), apoya su contención, mas no es cierto. (²) Dicho artículo no se refiere a traspasos a la CRUV sino a otra entidad.

 Sostiene el recurrente también que erró el Tribunal Superior "al desaprobar un Memorando de Costas radicado en tiempo por la parte demandante, y no opuesto por la parte demandada como lo requieren las Reglas de Procedimiento Civil." Estimamos que en buena práctica la CRUV debió haber reclamado su exención mucho antes, Regla 44.4 (a) y (b) de Procedimiento Civil, así como que el recurrente no debió haber aguardado tanto tiempo para requerir la solución definitiva de su planteamiento. Estas tardanzas entorpecen la marcha de la justicia. La acción de la CRUV no entraña, sin embargo, una renuncia a su derecho a la exención del pago de costas. No queda al arbitrio del organismo administrativo el cumplimiento del mandato de la Asamblea Legislativa. Los tribunales, además, vienen obligados a tomar conocimiento judicial de las leyes del país. Art. 398 del Código de Enjuiciamiento Civil de 1933, 32 L.P.R.A. sec. 1711 (2).

*Se confirma la resolución de que se recurre.*
El Juez Asociado Señor Rigau no participó.

---

tado bajo el Art. 8 de la Ley Núm. 104 de 29 de junio de 1955, 32 L.P.R.A. sec. 3083. *Sucn. Arroyo* v. *Municipio*, 81 D.P.R. 434 (1959).

(²) El Art. 1 (2), 17 L.P.R.A. sec. 21 (2), especifica:

"Los deberes y facultades conferidos, de acuerdo con legislación anterior, a la Junta de Investigaciones sobre Vivienda de Puerto Rico, a la Autoridad sobre Hogares de Puerto Rico en lo que se refiere a actividades de planificación a largo plazo y a la Administración de Fomento Cooperativo en lo que se refiere a fomento de construcción de viviendas bajo el sistema cooperativo, pasarán gradualmente a la Administración según vayan transfiriéndose, mediante las órdenes ejecutivas que emita el Gobernador de acuerdo con la facultad que se le confiere por la sec. 24 de este título."