MIRNA COLONDRES VÉLEZ, demandante y recurrida, *v.* HON. VICENTE BAYRÓN VÉLEZ, ALCALDE MUNICIPIO DE MARICAO, MUNICIPIO DE MARICAO Y VICENTE BAYRÓN VÉLEZ, demandados y recurrentes.

*Número:* R-83-15     *Resuelto:* 7 de diciembre de 1983

834

*Julio Irving Rodríguez Torres*, abogado de la recurrida; *Lorenzo O. Cabán Arocho*, abogado de los recurrentes.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El Municipio de Maricao ha recurrido contra sentencia que le condena a pagar a la demandante la cantidad de $35,000, precio pactado en la compraventa de un solar y edificio equipado para operar un cinematógrafo, más intereses por temeridad y honorarios de abogado. Alega que el contrato es nulo porque la vendedora no era la dueña del edificio y del equipo, y que la imposición de intereses por temeridad y honorarios de abogado no procede contra un municipio. Concluimos que la prueba sostiene cumplidamente las determinaciones hechas por el tribunal sentenciador en cuanto a la validez y obligatoriedad del contrato. Resolvemos que bajo la Regla 44.3(b) de Procedimiento Civil no procede la imposición de intereses por temeridad y honorarios de abogado a un municipio si, como en este caso, se trata de una de las acciones especificadas en dicha regla.

I

Para el año 1967 el Sr. Roberto Colondres usufructuaba un solar del Municipio de Maricao en que enclavaba una edificación de su propiedad. El señor Colondres tenía licencia como operador de cine y, con motivo de una incapacidad sobrevenida como consecuencia de un accidente del trabajo, le fue donado bajo el Programa de Rehabilitación Vocacional equipo y maquinaria para la operación de un cinematógrafo en dicho local. Así lo hizo por algunos años. En 1976 vendió la propiedad a su hija, la Srta. Mirna Colondres, quien en 1978 adquirió el solar por compra al Municipio.

En 1980 el Municipio se interesó en readquirir el solar, así como el edificio y el equipo y máquinas de cine. Se encargó su tasación a un tasador del Gobierno estatal, y éste tasó su valor en $35,000. La Asamblea Municipal autorizó la compra por ese precio mediante ordenanza y a su vez dispuso la correspondiente partida en el presupuesto. La transacción fue aprobada por el Departamento de Hacienda y por la Administración de Reglamentos y Permisos, y el 20 de octubre de 1980 se otorgó la correspondiente escritura de compraventa, y de ello se tomó razón en el Registro de la Propiedad. No se pagó el precio al otorgarse la escritura, haciéndose constar la autorización dada por la Asamblea Municipal mediante la referida ordenanza.

Como transcurriera tiempo sin que el Municipio pagara, y ante la negativa del alcalde a hacerlo, la señorita Colondres les demandó en septiembre de 1981. Reclamó el pago de los $35,000 al Municipio y, al alcalde, $10,000 de indemnización por daños. Esta causa de acción fue desistida al ocurrir el fallecimiento del alcalde. Alegó el Municipio en oposición que la compraventa informada por la referida escritura es nula porque la vendedora y demandante no era dueña del equipo y máquinas de cine. Mantiene además que la venta hecha por el señor Colondres a su hija fue simulada, que no consta en documento alguno y que tampoco se acreditó el pago del precio.

Fue el pleito a juicio, recayendo sentencia que declaró con lugar la demanda contra el Municipio y le condenó a pagarle a la demandante $35,000, costas, intereses legales desde la fecha de la escritura, y $1,500 de honorarios de abogado. Inconforme, el Municipio nos solicitó auto de revisión que fue oportunamente expedido. Ordenamos, además, y hemos tenido ante nos, una transcripción de la prueba testifical aportada. Los planteamientos de la parte recurrente pueden resumirse así: nulidad del contrato de compraventa e improcedencia de la imposición de intereses por temeridad y honorarios de abogado al Municipio.

## II

El planteamiento sobre nulidad del contrato es inmeritorio. Descansa en la alegada simulación de la venta hecha a la demandante por su padre y en que bajo los reglamentos del Programa de Rehabilitación Vocacional no podía venderse el equipo donado. De ser así, la demandante no era dueña del edificio y del equipo y no podía vender lo que no era suyo.

El problema del Municipio es que no aportó prueba de clase alguna, ni testifical ni documental, en apoyo de su defensa y la prueba aportada por la demandante sostiene cumplidamente las determinaciones de hecho del tribunal sentenciador.

■ La simulación no puede inferirse del hecho de que no se produjera un documento en que conste la venta, ni de que no haya constancia escrita del pago del precio. Un documento en que conste un contrato es la mejor prueba de la existencia del contrato así como de su contenido —Regla 69 de las Reglas de Evidencia de 1979— pero no es la única. Y aquí se probó, de manera incontrovertida, mediante prueba testifical, la existencia y condiciones del contrato. El precio fue pagado de una cuenta de ahorros que tenía la demandante en el Banco de Ponce, hecho que tampoco fue contradicho.

■ Conforme al Art. 1210 del Código Civil, 31 L.P.R.A. sec. 3375, "[l]os contratos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza, sean conformes a la buena fe, al uso y a la ley". Véanse, sobre el particular, G. Velázquez, *Las obligaciones según el Derecho puertorriqueño*, San Juan, Ed. Equity, 1964, Sec. 26, págs. 18–19; E. Vázquez Bote, *Derecho civil de Puerto Rico*, San Juan, FAS, Eds. Jurídicas, 1973, T. III, Vol. 1, pág. 442 y ss.; *Quiñones Ramos* v. *Otero Roque*, 89 D.P.R. 378 (1963); *Cintrón* v. *Fernández*, 22 D.P.R. 483 (1915); *Abella* v. *Antuñano et al.*, 14 D.P.R. 498 (1908).

El Municipio recurrente tampoco cita disposición alguna de ley o reglamento para sostener que el equipo donado bajo el Programa de Rehabilitación Vocacional no pudiera ser vendido. Contrario a ello, la demandante y recurrida probó ante el tribunal de instancia, tanto mediante los testimonios vertidos como por prueba documental, que se consultó al Departamento de Servicios Sociales sobre la procedencia de la venta de dicho equipo. Por carta que obra en autos indicó el Secretario Auxiliar de dicho Departamento que la vida útil de dicho equipo había expirado y no se produjo excepción u oposición alguna a su venta.

Señalan los recurrentes que el solar a que nos referimos había sido vendido por el Municipio a la señorita Colondres por $800 y que dicho Municipio luego lo adquirió por $35,000 con sus accesorios. No se produjo en instancia prueba alguna sobre el valor de dicho solar en 1978, cuando se vendió. Cabe señalar que lo que se vendió fue la nuda propiedad, pues el usufructo sobre el mismo lo tenía la compradora. De otra parte, la compra por $35,000 se hizo a base del valor de tasación hecho por un funcionario del Gobierno e incluyó, además del solar, la edificación y el equipo del cinematógrafo.

### III

El planteamiento sobre el pago de intereses por temeridad y honorarios de abogado no es de tan sencilla solución.

■ En *Sucn. Arroyo* v. *Municipio*, 81 D.P.R. 434 (1959), analizamos la trayectoria histórica de la norma sobre imposición del pago de costas y honorarios de abogado al Estado. Concluimos, pág. 437, que hasta que se aprobó la Ley Núm. 69 de 1936 y la Ley Núm. 94 de 1937, enmendatorias del Art. 327 del Código de Enjuiciamiento Civil de 1933, "la condena de costas [contra todo litigante] era discrecional e incluía los honorarios de abogado, a menos que el tribunal los excluyera en forma explícita". Señalamos,

pág. 437, que a partir de la aprobación de esas dos leyes, "se produce en Puerto Rico una disociación entre los conceptos de 'costas' y 'honorarios de abogado'". Desde el 1936 los honorarios de abogado no forman parte de las costas. La imposición de costas es mandatoria contra la parte perdidosa; la imposición de honorarios de abogado es discrecional si dicha parte es temeraria al proseguir la acción.

Estas normas se mantuvieron vigentes al adoptarse las Reglas de Procedimiento Civil en 1958, y continúan vigentes bajo la Regla 44.1 de las Reglas de Procedimiento Civil de 1979. En lo aquí pertinente, que son sus incisos (a) y (d), la citada Regla 44.1 dispone:

44.1. *Las costas y honorarios de abogados*

(a) *Su concesión.* Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro.

(b) .

(c) .

(d) *Honorarios de abogado.* En caso que cualquier parte haya procedido con temeridad, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado.

La imposición de honorarios de abogado al Estado estaba expresamente prohibida en esta jurisdicción en virtud del Art. 5 de la Ley Núm. 76 de 13 de abril de 1916, que disponía: "Los honorarios de abogados, desembolsos y costas no serán nunca incluídos en una sentencia contra El Pueblo de Puerto Rico." Nuestra jurisprudencia se ajustó todo el tiempo al principio de que la imposición de costas y honorarios de abogado contra el Estado era improcedente en ausencia de un estatuto que expresamente lo autorizara. *Pueblo* v. *García,* 66 D.P.R. 504 (1946); *Martínez & Márquez* v. *Sancho, Tes.,* 76 D.P.R. 914 (1954).

■ Al aprobarse la Ley de Reclamaciones y Demandas contra el Estado, Núm. 104 de 29 de junio de 1955 (32 L.P.R.A. secs. 3077 a 3084), se derogó la mencionada Ley Núm. 76 de 1916 y desde entonces la imposición de costas al Estado se rige por el "procedimiento ordinario" (Art. 8 de dicha ley, 32 L.P.R.A. sec. 3083), es decir, como si fuera una persona o empresa particular.

■ La citada Ley de Reclamaciones y Demandas contra el Estado expresamente autoriza en su Art. 2 (32 L.P.R.A. sec. 3077)[1] tres clases de acciones contra el Estado, que pueden resumirse así: (1) "por daños y perjuicios a la persona o a la propiedad . . . causados por acción u omisión de cualquier funcionario, agente o empleado del Estado, o cualquier otra persona actuando en capacidad oficial y dentro del marco de su función, cargo o empleo interviniendo culpa o negligencia"; (2) "para reivindicar propiedad mueble e inmueble, o derechos sobre las mismas, con o sin resarcimiento de perjuicios por los daños causados en dicha propiedad, o por sus rentas y utilidades y para deslinde de fincas rústicas"; y (3) acciones civiles "que se funden en la Constitución, o en cualquier ley de Puerto Rico, o en cualquier reglamento de algún departamento o división del Estado, o en algún contrato expreso o tácito con el Estado".

El Art. 8 de dicha Ley Núm. 104 dispone en su primer párrafo, que es el que aquí nos concierne, lo siguiente:

Regirán para las acciones aquí autorizadas los términos prescriptivos fijados en las leyes aplicables. *La sentencia contra el Estado no incluirá en ningún caso el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos.* La imposición de costas se regirá por el procedimiento ordinario. (Énfasis suplido.)

---

[1] Por ser extenso omitimos la reproducción de dicho artículo. Omitimos, además, mencionar limitaciones que dicha ley contiene en cuanto al ejercicio de las acciones que el artículo autoriza, por ser innecesario reproducirlas aquí.

■ Basándonos en el historial legislativo de la mencionada Ley Núm. 104, y en particular en una extensa cita del debate suscitado en la Cámara de Representantes al aprobarse el proyecto que se convirtió en dicha ley, y muy particularmente su Art. 8, concluimos en *Sucn. Arroyo* v. *Municipio*, supra, que en las acciones contra el Estado autorizadas por dicha ley no procede imponer al Estado el pago de honorarios de abogado.

Once años después de aprobada dicha Ley Núm. 104 se aprobó la Ley Núm. 119 de 24 de junio de 1966, que adicionó a la vigente Ley Municipal, Núm. 142 de 21 de julio de 1960, los Arts. 96-A, 96-B y 96-C, para reglamentar "[l]as reclamaciones contra los municipios, por daños y perjuicios a la persona o a la propiedad, causados por culpa o negligencia de la corporación municipal". La cita es de la primera oración del Art. 96-A (21 L.P.R.A. sec. 1603a).

El Art. 96-C de dicha Ley Núm. 142 (21 L.P.R.A. sec. 1603c) es una copia literal de la segunda y la tercera oración del Art. 8 de la Ley Núm. 104 de 1955. Dice así:

> La sentencia que se dicte contra cualquier municipio, de acuerdo con los Artículos 96-A y 96-B, no incluirá, en ningún caso, el pago de intereses por período alguno anterior a la sentencia ni concederá daños punitivos. La imposición de costas se regirá por el procedimiento ordinario.

■ La conclusión es inescapable. De la misma manera que no procede la imposición de honorarios de abogado contra el Estado en acciones bajo la Ley Núm. 104 de 1955, tampoco procede la imposición de honorarios de abogado contra un municipio en acciones instadas al amparo de la Ley Núm. 142 de 1960. Como la única clase de acción regulada por la Ley Núm. 142 es la de daños y perjuicios por culpa o negligencia, a ese tipo de acciones está reducida la limitación del Art. 96-C que hemos transcrito.

La acción que en el caso ante nuestra consideración fuera instada contra el Municipio de Maricao, aquí recurrente, no es por daños y perjuicios por culpa o negligencia.

Se reclamó el pago del precio convenido en la compraventa de un inmueble y sus accesorios. No le son aplicables a esta acción las disposiciones de la Ley Núm. 142 y en particular la limitación de su Art. 96-C.

La Regla 44.3 de las Reglas de Procedimiento Civil vigentes dispone como sigue:

44.3. *Interés legal*

(a) Se incluirán intereses al tipo legal en toda sentencia que ordena el pago de dinero a computarse sobre la cuantía de la sentencia desde la fecha en que se dictó la sentencia y hasta que ésta sea satisfecha, sin incluir costas y honorarios de abogado.

(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés legal desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la demanda, en casos de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial. Las disposiciones de este inciso serán aplicables a las causas de acción que hayan surgido a partir del 26 de mayo de 1967.

A base del inciso (a), al cual no le aplican las excepciones señaladas en el inciso (b) de esta regla, la imposición del pago del interés legal *a partir de la fecha de la sentencia* es mandatoria contra todo litigante perdidoso cuando dicha sentencia le ordena el pago de dinero. Al igual que la imposición del pago de costas, el pago del interés dispuesto en el apartado (a) de esta regla aplica contra el Estado y contra los municipios, como contra cualquier otro tipo de litigante.

█ El inciso (b) de esta Regla 44.3, sin embargo, prevé el caso de que el litigante perdidoso actúe con temeridad. Vemos que bajo nuestro ordenamiento procesal civil se sanciona la temeridad de un litigante perdidoso: (a) mediante la imposición del pago de honorarios de abogado bajo la Regla 44.1(d), antes transcrita, *en todo tipo de acciones*, pues

dicha regla no hace excepciones, y (b) mediante la imposición de intereses al tipo legal, computados desde una fecha anterior a la de la sentencia, en dos clases de acciones, a saber, casos de cobro de dinero (se computan desde que surge la causa de acción) y casos de daños y perjuicios (se computan desde la presentación de la demanda).

Este apartado (b) de la Regla 44.3 se tomó de la Regla 44.4(e) de las Reglas de Procedimiento Civil de 1958, y fue a su vez incorporado a dicha regla, como apartado (e), por la Ley Núm. 68 de 26 de mayo de 1967. En buena hermenéutica legal no podríamos pasar por alto que el legislador era consciente del alcance del Art. 8 de la Ley Núm. 104 de 1955, según interpretado en *Sucn. Arroyo*, supra, resuelto en 1959, cuando en 1967 introdujo la enmienda a la entonces vigente Regla 44.4 que le adicionó ese apartado (e). Si al eximir al Estado del pago de intereses "por período alguno anterior a la sentencia", que dice el Art. 8 en la Ley Núm. 104, quedó implícita su exención del pago de honorarios de abogado, no podría sostenerse que por la enmienda del 1967 se siguiera un propósito distinto. No puede haber una temeridad a los fines de la imposición de intereses computados desde fecha anterior a la sentencia y otra temeridad a los fines de la imposición de honorarios de abogado. Ello sería contrario a un ordenado y lógico sistema procesal de hacer justicia. Resolvemos, por tanto, que bajo la Regla 44.3(b), al eximirse al Estado, los municipios y demás entidades y personas allí mencionadas de la imposición de intereses por temeridad en pleitos sobre cobro de dinero y daños y perjuicios, también están exentos de la imposición de honorarios de abogado por temeridad en ese tipo de litigios. *Cf. Gil* v. *C.R.U.V.*, 109 D.P.R. 551, 556 (1980).

Réstanos considerar si la causa de acción ejercitada contra el Municipio aquí recurrente es de las comprendidas en la mencionada Regla 44.3(b). Entendemos que sí. Aquí se trata de reclamar el pago de una cantidad de dinero adeu-

dada como precio de una compraventa. El hecho de que se exija el cumplimiento de esa obligación al comprador no coloca la acción fuera del ámbito del cobro de dinero a que se refiere la Regla 44.3(b). La razón de la deuda no altera la esencia de la acción ejercitada.

## IV

Por los fundamentos expresados *se modificará la sentencia recurrida para eliminar la disposición referente al pago de intereses y honorarios de abogado por temeridad y, así modificada, dicha sentencia será confirmada.*

El Juez Asociado Señor Díaz Cruz disintió de la parte número II sin opinión y el Juez Asociado Señor Rebollo López no intervino.