Cabán Castro, Juez Ponente
*1207 TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso de apelación se nos solicita revoquemos una sentencia sumaria dictada por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Fajardo, mediante el cual se condenó a la parte demandada-apelante a pagar a la parte demandante-apelada la cantidad de setecientos setenta y tres dólares con ochenta y tres centavos ($773.83) con intereses a razón de un 8.25% anual, desde la fecha de radicación de la demanda más la suma de cincuenta dólares ($50) por concepto de honorarios de abogado, y la cantidad de treinta un dólares ($31) por concepto de costas.
Para colocar la cuestión de derecho que nos compete resolver en correcta perspectiva, veamos los hechos pertinentes que dan lugar a la radicación de este recurso.
El Consejo de Titulares del Condominio Isleta Marina, sujeto al régimen de Propiedad Horizontal, demandó a la apelante, quien es dueña de un apartamento en ese condominio, el día 2 de agosto de 1994. Le reclamaban la suma de $773.83 por concepto de derramas impuestas a los condominos. La demanda fue traída bajo la Regla 60 de las de Procedimiento Civil. La parte apelante presentó una "Moción para Solicitar el Cambio de Procedimientos a uno Contencioso Ordinario". Esta fue declarada con lugar el 22 de agosto de 1994.
En su contestación a la demanda, la apelante impugnó la legitimidad de las derramas, alegando que nunca se aprobaron con arreglo a la ley. También solicitó en moción separada la descalificación de la representación legal de los apelados, por ser condomino e incurrir en conflicto de interés. El Juez de Distrito señaló una vista para el 20 de septiembre de 1994 con el propósito de discutir esta última moción. Esta fue suspendida a petición de los apelados. Por otro lado, la Juez Municipal señaló la vista en su fondo para el 24 de octubre de 1994.
Los apelados sometieron ante el tribunal de instancia una moción con fecha del 21 de octubre de 1994, en la que solicitaban se dictara sentencia sumaria a su favor. Esta fue presentada sin firma por lo que se declaró no ha lugar. La misma fue replicada por la apelante.
El 16 de noviembre de 1994, la Juez Municipal decretó que no se descalificaba al abogado de los apelados.
El 2 de diciembre de 1994 hubo una vista, en la que el abogado de los apelados informó que sometería una nueva moción solicitando se dicte sentencia sumaria a su favor, mientras que el abogado de la apelante indicó que no se le había permitido hacer descubrimiento de prueba. 
El 20 de diciembre de 1994, los apelados radicaron otra "Moción Solicitando se Dicte Sentencia Sumaria", ésta fue acompañada de varios documentos. El 3 de enero de 1995, la apelante radicó una "Réplica a Moción Solicitando se Dicte Sentencia Sumaria". El tribunal de instancia declaró con lugar la moción de los apelados mediante Sentencia del 18 de enero de 1995, la cual fue notificada el 13 de febrero de 1995. Alega la apelante que la misma se dictó sin vista previa y sin. fundamentos ni razonamiento alguno.
Inconforme con dicho dictamen, la apelante presentó el recurso que nos ocupa en el que imputa la comisión de los siguientes errores:

"1. Erró el Tribunal a quo, al intervenir simultánea y alternativamente en el caso, el Honorable Juez de Distrito, y la Honorable Juez Municipal.

2. Erró el Tribunal a quo, al sentenciar el caso por la vía de la sentencia sumaria, pese a que concurrían varias genuinas controversias de hecho y de derecho oportunamente planteadas.

3. Erró el Tribunal a quo, al adjudicar honorarios de abogado, sin un señalamiento de temeridad en la parte condenada a su pago.

4. Erró el Tribunal a quo, al imponer una suma específica en concepto de costas, sin que nadie hubiera radicado memorando alguno al respecto o cualquier otra solicitud equivalente y bajo 
*1208
juramento, y sin que se hubiera aprobado legalmente.

5. Erró el Tribunal a quo, al no descalificar al abogado de la parte demandante."
Evaluado el alegato de la apelante, y luego de analizar los documentos que obran en autos procedemos a confirmar la sentencia dictada por los siguientes fundamentos.
De acuerdo al Art. 5.004 de la "Ley de la Judicatura de Puerto Rico de 1994", Ley de 28 de julio : de 1994, en su inciso (c)(7), el Juez Municipal tendrá facultad para considerar, atender y resolver los siguientes asuntos:
De todo asunto civil en que la cuantía en controversia, reclamación legal o valor de la propiedad en disputa no exceda de tres mil ($3,000) dólares, sin incluir intereses, costas y honorarios de abogados, incluyendo reposiciones, ejecuciones de hipoteca mobiliaria o de cualquier otro gravamen sobre 1 propiedad mueble cuya cuantía exceda de tres mil ($3,000) dólares y reclamaciones bajo la Regla 60 de la Ley Núm. 197 de 4 de agosto de 1979, según enmendada, conocida como "Reglas de Procedimiento Civil".
De los autos de instancia se desprende de forma clara que la intervención del juez de distrito fue una escasa, limitada a las etapas iniciales de los procedimientos. En todas las vistas y todas las decisiones tomadas que prosiguieron en los procedimientos intervino de forma consistente la Juez Municipal, quien tenía competencia para ello 
'Siendo este caso uno en que la cuantía no excede de tres mil ($3,000) dólares, la Juez Municipal tenía facultad para considerar, atender y resolver el caso de la forma en que lo hizo.
Argumenta la apelante que se dictó sentencia sumaria sin vista y a pesar de las controversias i traídas. La Regla 36 de las de Procedimiento Civil relativa a la sentencia sumaria y su procedimiento en lo pertinente dispone:
"La sentencia solicitada se dictará inmediatamente si las alegaciones, disposiciones [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente." 32 LPRA Ap. Ill R. 36.3 (1983).
Esta regla no dispone en ningún momento que sea necesario para dictar sentencia sumaria celebrar una vista.
La Regla antes citada provee el instrumento procesal adecuado para que en ciertas ocasiones los tribunales dicten sentencia sin necesidad de celebrar vista. El propósito de ésta es promover una solución justa, rápida y económica de la litigación, abreviando la disposición de pleitos que por no envolver una controversia genuina de hechos, hace innecesario la celebración de un juicio en su fondo. De esta forma se aligera la tramitación de los casos, resultando un mecanismo valioso para descongestionar los calendarios judiciales. 
El argumento de la apelante de que no se celebró vista para determinar si procedía o no dictar sentencia sumaria es uno completamente erróneo que va en contra de los propósitos de este instrumento procesal.
En PFZ Properties, Inc. v. General Accident Insurance Co., P.R. Ltd. se resolvió que al dictar sentencia sumaria, el tribunal debe:

”(1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del Tribunal;

(2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos."

*1209 En el caso de autos, la parte demandante-apelada, junto con su moción solicitando sentencia sumaria, presentó el informe de la Asamblea ordinaria del 5 de abril de 1992; la minuta de la asamblea especial del 2 de mayo de 1993 y la del 16 de mayo de 1993; el Informe sobre la Planta de Tratamiento; copia simple de la escritura de compraventa del apartamento de la apelante; copia de la planilla informativa del Departamento de Hacienda; declaración jurada del señor Warren Rivera Torres, Tesorero del Consejo de Titulares; copia de la carta de reclamación de pago; copia de los acuses de recibo; y copia de la carta notificando cuota especial. Mediante dichos documentos, los apelados pretenden probar que existe una obligación que surgió como resultado de dos acuerdos del Consejo de Titulares y que los mismos fueron notificados a la apelante.
Por otra parte, la apelante no acompañó su moción en oposición de sentencia sumaria por ningún documento, sólo hicieron mención de los documentos radicados por los apelados. Su moción en oposición está basada en alegaciones.
El Tribunal Supremo ha expresado reiteradamente que para derrotar una moción de sentencia sumaria, la parte promovida deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promo vente. Si no lo hace se expone a una sentencia en su contra sin celebrarse un juicio en su fondo. Esta moción obliga a presentar las pruebas que se utilizarían en el juicio para apoyar una alegación, la parte opositora no podrá derrotarla si meramente descansa en sus alegaciones, deberá presentar declaraciones juradas y documentos que
controviertan los presentados por el promovente. 
La apelante, parte opositora a la moción de sentencia sumaria, descansó meramente en sus alegaciones, no presentó declaraciones juradas, ni documentos que controvirtieran las presentadas por los apelados. Teniéndose como ciertos todos los hechos no controvertidos que constan en los documentos y declaraciones juradas ofrecidas por los apelados, procedía que se dictara sentencia sumaria a favor de éstos. La sentencia fue correcta, ya que como cuestión de derecho procede al probarse que existe una deuda líquida, que la misma es exigible y que se le han hecho requerimientos de pago a la apelante.
La apelante prosigue su alegato señalando que el tribunal de instancia erró al adjudicar honorarios de abogado, sin un señalamiento de temeridad en la parte condenada a su pago. Esto es incorrecto. Cuando en la sentencia no se hace conclusión específica al efecto de que un litigante perdidoso actuara con temeridad, pero se le condena al pago de honorarios de abogado, la presunción es que tal conclusión está implícita en la sentencia dictada. La apelante no ha rebatido esta presunción, no ha presentado argumento alguno sobre este particular.
El próximo señalamiento de la apelante es que no procedía imponer una suma específica en concepto de costas, sin que nadie radicara memorando al respecto, ni se hubiera aprobado legalmente. Este señalamiento es erróneo.
La Regla 44.1(a) de las de Procedimiento Civil dispone:
"Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro". (Subrayado nuestro) 32 LPRA Ap. III R. 44.1 (1983)
Las costas son los gastos necesarios y razonables incurridos en la tramitación del pleito o procedimiento que la ley ordena que un litigante reembolse al vencedor, o autoriza al tribunal a así ordenarlo.[15] Para la concesión de costas el tribunal debe determinar: (1) cual fue la parte a cuyo favor se resolvió el pleito y, (2) cuales gastos incurridos fueron necesarios y razonables. Surge claramente de la sentencia que los apelados fueron la parte a cuyo favor se resolvió el pleito. En cuanto a la suma específica concedida en este concepto, ésta puede basarse en lo que el tribunal estime un litigante debe reembolsar al otro, sin que sea necesario un memorando al respecto. Ya que no se demostró abuso de discreción por parte del tribunal de instancia al conceder costas y se concedió conforme a derecho, no intervendremos con la determinación del tribunal de instancia.
*1210 El último señalamiento de la apelante es que erró el tribunal de instancia al no descalificar al abogado de la parte apelada.
Sobre este asunto no haremos expresión alguna pues, independientemente de cual sea nuestra opinión sobre la descalificación del abogado de la parte apelada, no se alteraría nuestra posición en este caso.
Por los fundamentos anteriormente expuestos, confirmamos la sentencia apelada.
Lo manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95DTA309
1. 32 LPRA Ap. III R. 60 (Sup. 1994).
2. Véase Minuta de la vista de 2 de diciembre de 1994, transcrita el 8 de diciembre de 1994, apéndice, pág. 68.
3. De los autos no surge que la misma haya sido acompañada por ningún documento, pero se hace referencia a los anejos presentados en la solicitud de los apelados.
4. Esta Sentencia fue emitida por la Juez Municipal.
5. Consejo de Titulares del Condominio Isleta Marina v. Ripoll Oyarzabal, CD94-1288.
6. Alegato de la apelante, págs. 6, 9.
7. Véanse: Pilot Life Insurance Co. v. Crespo Martínez, 94 JTS 104, opinión del 13 de julio de 1994; Myrna Rodríguez, et al v. Secretario de Hacienda, 94 JTS 20, opinión del 7 de marzo de 1994; Worldwide Food Distributors v. Colón Bermúdez, et al, 93 JTS 114, opinión de 30 de junio de 1993; Enrique González v. Benigno Alicea, et al., 93 JTS 16, opinión del 4 de febrero de 1993.
8. 94 JTS 116, pág. 125, opinión del 7 de septiembre de 1994.
9. PFZ Properties, Inc. v. General Accident Ins. Co., supra; Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell, 117 DPR 714, 721 (1986).
10. Toledo Maldonado v. Cartagena Ortiz y otros, 92 JTS 173, opinión del 21 de diciembre de 1992.
11. Toledo Maldonado, supra; Cuadrado v. Santiago, 90 JTS 59, opinión del 30 de abril de 1990.
12. Ramos y Ramos v. Ortiz Rollet y otros, 95 JTS 18, opinión del 13 de febrero de 1995; HMCA v. Colón Carlo, 93 JTS 112, opinión del 30 de junio de 1993; Méndez Arocho v. El Vocero de PR, 92 JTS 94, opinión del 30 de junio de 1992; Corp. Presiding Bishop CJS of LDS v. Purcell, supra.
13. HMCA v. Colón Carlo, supra.
14. Sucn. Arroyo v. Municipio, 81 DPR 434 (1959).
15. Nudelman v. Ferrer, 107 DPR 495, 518 (1978); Andino v. AAA, 123 DPR 712 (1989); Pérez Pascual v. Vega Rodríguez, 124 DPR 529 (1989).