Gilberto Gierbolini, Juez Ponente
*628 TEXTO COMPLETO DE LA SENTENCIA
El 16 de junio de 1999, Carlos Rodríguez Rosado, Griselle Avilés y la Sociedad Legal de Gananciales compuesta entre ambos (en adelante “Rodríguez") presentaron Petición de Certiorari y solicitaron la revocación de la resolución emitida el 14 de mayo de 1999 y notificada el 17 de mayo de 1999 por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Guaynabo. Mediante dicha resolución el tribunal de instancia ordenó la ejecución parcial de la sentencia emitida el 28 de febrero de 1995 en el caso de Gustavo Hermida Cela, Gloria Colón y la Sociedad Legal de Gananciales compuesta entre ambos v. Carlos Rodríguez Rosado, Griselle Avilés y la Sociedad Legal de Gananciales compuesta entre ambos, Civil Número CD-94-368, y dispuso que Rodríguez pagara a Gustavo Hermida Cela, Gloria Colón y la Sociedad Legal de Gananciales compuesta entre ambos (en adelante “Hermida”) la suma de $685.00 por concepto de las costas impuestas en la referida sentencia. Por los fundamentos que expondremos,. EXPEDIMOS el Auto solicitado y CONFIRMAMOS la resolución recurrida.
I
El 7 de febrero de 1994, Hermida y Rodríguez otorgaron un contrato de compraventa mediante el cual Hermida compró a Rodríguez una yegua alazana, cuyo nombre era “La Rubia Presumida”, por el precio de $4,000.00. Al cabo de dos o tres días, un veterinario examinó a “La Rubia Presumida” y concluyó que ésta padecía de una condición crónica en sus cascos conocida como Laminitis. Dicha condición no permitía que Hermida utilizara a “La Rubia Presumida” para cabalgar, el cual era el uso que Hermida tenía en mente al comprar el referido ejemplar. Por tal razón, el 16 de marzo de 1994, Hermida presentó demanda de acción redhibitoria, dolo contractual, vicios ocultos, incumplimiento de contrato, devolución de prestaciones y daños y perjuicios contra Rodríguez. En la demanda, Hermida solicitó que el tribunal de instancia resolviera el contrato de compraventa, condenara a Rodríguez pagar una suma de $15,000.00 por concepto de daños y perjuicios y ordenara a Rodríguez devolver a Hermida los $4,000.00 pagados por “La Rubia Presumida" después que Hermida devolviera a Rodríguez dicho ejemplar.
Luego de varios incidentes procesales, el 10 de agosto de 1994, el tribunal de instancia celebró vista en sus méritos. El 28 de febrero de 1995, notificada el 9 de marzo de 1995, el tribunal de instancia emitió sentencia y declaró con lugar la demanda. Por un lado, el tribunal de instancia ordenó que Hermida devolviera a Rodríguez “La Rubia Presumida”. Por otro lado, el tribunal de instancia ordenó que Rodríguez devolviera a Hermida la suma de $4,000.00, más intereses al tipo legal, y las costas del proceso.
Como el tribunal de instancia declaró con lugar la demanda, el 20 de marzo de 1995, Hermida presentó un memorándum de costas por la suma de $1,257.00. El 5 de junio de 1995, el tribunal de instancia declaró con lugar la solicitud de costas de Hermida, mas, sin embargo, redujo dicha suma a $685.00. No conforme con la sentencia emitida y con las costas impuestas por el tribunal de instancia, Rodríguez compareció ante este Tribunal mediante el escrito de apelación Núm. KLAN-95-00330 y solicitó la revocación de dicha sentencia. Luego de evaluar el expediente ante sí, así como el derecho aplicable, el 16 de abril de 1996, este Tribunal emitió sentencia y confirmó la sentencia apelada.
Así las cosas, el 8 de marzo de 1999, Hermida presentó ante el tribunal de instancia una “Moción *629 Solicitando Ejecución de Sentencia”. En la misma, Hermida alegó que Rodríguez aún no había satisfecho la sentencia impuesta por el tribunal de instancia el 28 de febrero de 1995 en el caso de Gustavo Hermida Cela, Gloria Colón y la Sociedad Legal de Gananciales compuesta entre ambos v. Carlos Rodríguez Rosado, Griselle Avilés y la Sociedad Legal de Gananciales compuesta entre ambos, supra. Por lo tanto, Hermida solicitó que el tribunal de instancia ordenara a Rodríguez pagar la suma de $4,000.00, más $685.00 de costas e intereses legales al 9.5%.
El 12 de marzo de 1999, Rodríguez presentó “Oposición a Moción Solicitando Ejecución de Sentencia”. En dicho escrito, Rodríguez alegó que dado que las prestaciones acordadas en el contrato de compraventa no podían ser devueltas porque “La Rubia Presumida” había fallecido cuando aún estaba en posesión de Hermida, que entonces no procedía la devolución de los $4,000.00 más las costas del proceso. Además, Rodríguez alegó que “en esta etapa de los procedimientos no procede una simple ejecución de sentencia, ya que los co-demandados [sicj tienen la obligación de acreditar el fallecimiento de la yegua y, sobre todo, el deber de demostrar la causa del fallecimiento de ésta para que este Honorable Tribunal pueda determinar qué remedio procede en esta etapa conforme a lo establecido por el Código Civil en relación a la pérdida de la cosa en acciones redhibitorias. ”
El 4 de mayo de 1999, el tribunal de instancia celebró vista para dilucidar la solicitud de ejecución de sentencia presentada por Hermida. Luego de escuchar los argumentos de ambas partes, el tribunal de instancia concluyó que no procedía la ejecución de sentencia porque Hermida no había devuelto a Rodríguez “La Rubia Presumida”, que era la prestación a la cual éste estaba obligado. Sin embargo, al escuchar dicha determinación, Hermida solicitó que el tribunal de instancia concediera la ejecución parcial de la sentencia y ordenara a Rodríguez pagar la suma de $685.00 por concepto de costas.
El 13 de mayo de 1999, Rodríguez presentó moción en oposición a la concesión de costas. En la misma, Rodríguez alegó que no procedía el pago de las costas porque “no estando la parte demandante en posición de cumplir con su obligación de devolver la yegua, única obligación que le fuera impuesta por este Honorable Tribunal, la misma no tiene derecho a que se le exija a la parte demandada el cumplimiento total o parcial de las obligaciones que le fueran impuestas a éste, ya que iría contra el principio general de justicia. ”
El 14 de mayo de 1999, notificada el 17 de mayo de 1999, el tribunal de instancia emitió resolución, concedió la ejecución parcial de sentencia solicitada por Hermida y ordenó a Rodríguez pagar a Hermida la suma de $685.00 por concepto de costas. Inconforme con dicha determinación, el 16 de junio de 1999, Rodríguez acudió ante nos mediante petición de certiorari y solicitó la revocación de la resolución emitida por el tribunal de instancia el 14 de mayo de 1999. Rodríguez alegó que el tribunal de instancia había errado al autorizar la ejecución parcial de la sentencia porque ello era contrario a lo establecido por la ley y la jurisprudencia en tomo a las obligaciones recíprocas.
Finalmente, el 28 de junio de 1999, Hermida presentó oposición a la petición de certiorari solicitada" por Rodríguez. Hermida alegó que en la vista del 4 de mayo de 1999, el tribunal de instancia había resuelto que no procedía que Rodríguez devolviera a Hermida los $4,000.00 hasta tanto Hermida acreditara la muerte de “La Rubia Presumida”. En consecuencia, Hermida alegó que procedía la ejecución parcial de la sentencia porque las costas eran una obligación impuesta por ley a la parte perdidosa en un pleito y que ello no dependía del cumplimiento de una obligación recíproca.
Al estar el recurso ante nuestra consideración perfeccionado, procedemos a resolver.
*630 II
En nuestra jurisdicción, la imposición de costas en un pleito está delimitada por la Regla 44 de Procedimiento Civil, 32 L.P.R.A. Apéndice III. En lo pertinente, la Regla 44.1 (a) de Procedimiento Civil, supra, dispone lo siguiente:

“(a) Su concesión. Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro. ”

La razón por la cual la ley ordena que el litigante vencido reembolse las costas al vencedor consiste en que el vencedor debe ser resarcido en sus gastos porque, después de todo, su derecho “no debe quedar menguado por los gastos en que tuvo que incurrir sin su culpa y por culpa del adversario. ” El efecto de imponer el pago de las costas al litigante vencido es disuadir la litigación temeraria, viciosa y con el propósito de retardar la justicia, Garriga, Jr. v. Tribunal Superior, 88 D.P.R. 245, 253 (1963); Ferrer Delgado v. Tribunal Superior, 101 D.P.R. 516, 517 (1973); Nudelman v. Ferrer Bolívar, 107 D.P.R. 495, 518 (1978); Rodríguez Cancel v. A.E.E., 116 D.P.R. 443, 461 (1985); J.T.P. Dev. Corp. v. Majestic Realty Corp., 130 D.P.R. 456, 460 (1992); Auto Servi, Inc. v. E.L.A., _ D.P.R. _ (1997), 97 J.T.S. 9, página 525.
Los tribunales vienen obligados a imponer a la parte vencida en un pleito el pago de las costas del proceso. Sin embargo, ello no quiere decir que el litigante victorioso tiene derecho a recobrar todos los gastos del litigio. Mediante las costas, el litigante victorioso sólo puede recobrar aquellos gastos necesariamente incurridos en la tramitación del pleito, Regla 44.1 (a) de Procedimiento Civil, supra; Colondrés Vélez v. Bayrón Vélez, 114 D.P.R. 833, 839 (1983); Santos Bermúdez v. Texaco P.R., Inc., 123 D.P.R. 351, 355 (1989); J.T.P. Dev. Corp. v. Majestic Realty Corp., supra, páginas 460-461; Auto Servi, Inc. v. E.L.A., supra, página 525; Blás Toledo v. Hospital Nuestra Señora de la Guadalupe, _ D.P.R. _ (1998), 98 J.T.S. 101, página 1438.
Por otro lado, la Regla 51 de Procedimiento Civil, supra, establece el procedimiento a seguir para ejecutar una sentencia. La regla general es que todas las sentencias tienen que ser ejecutadas en el tribunal de origen, es decir, en el tribunal que emitió la sentencia a ser ejecutada. La parte a cuyo favor el tribunal emitió la sentencia podrá ejecutarla mediante el procedimiento establecido en la Regla 51 de Procedimiento Civil, supra, siempre que sea dentro de cinco años de ser firme la misma. De expirar dicho término, la sentencia sólo podrá ser ejecutada mediante la autorización del tribunal previa moción y notificación a todas las partes, Avilés Vega v. Torres, 97 D.P.R. 144, 148 (1969); Figueroa v. Banco de San Juan, 108 D.P.R. 680, 690 (1979); Igaravidez López v. Ricci Asencio, _ D.P.R. _ (1998), 98 J.T.S. 143, página 251.
III
De conformidad con las normas anteriormente expuestas, surge que el tribunal de instancia actuó correctamente al conceder la ejecución parcial de la sentencia y ordenar a Rodríguez pagar a Hermida las costas del proceso. La sentencia emitida por el tribunal de instancia en el caso de Gustavo Hermida Cela, Gloria Colón y la Sociedad Legal de Gananciales compuesta entre ambos v. Carlos Rodríguez Rodríguez Rosado, Griselle Avilés y la Sociedad Legal de Gananciales compuesta entre ambos, supra, advino final y firme. Al dicha sentencia ser final y firme, Hermida podía solicitar al tribunal de instancia la ejecución de la misma.
La sentencia a ser ejecutada fue emitida el 28 de febrero de 1995. La solicitud de ejecución de sentencia fue presentada el 8 de marzo de 1999. Por lo tanto, la solicitud de ejecución de sentencia presentada por *631 Hermida estuvo dentro del término de cinco años provisto por la Regla 51 de Procedimiento Civil, supra. En consecuencia, la referida solicitud es válida y el tribunal de instancia actuó correctamente al autorizar la ejecución parcial de la sentencia emitida por el tribunal de instancia el 28 de febrero de 1995.
Si bien es cierto que la sentencia aludida ordenó que Hermida devolviera a Rodríguez “La Rubia Presumida” y que Rodríguez devolviera a Hermida los $4,000.00 recibidos por la venta de “La Rubia Presumida”, también es cierto que el tribunal de instancia impuso a Rodríguez el pago de $685.00 por concepto de las costas incurridas por Hermida en la tramitación del pleito. En la vista del 4 de mayo de 1999, el tribunal de instancia consideró los argumentos expuestos por ambas partes en tomo al cumplimiento de las obligaciones recíprocas habidas entre Hermida y Rodríguez. Luego de evaluar dichos argumentos a la luz del derecho aplicable, el tribunal de instancia resolvió que, en esos momentos, no procedía el cumplimiento de las obligaciones recíprocas, es decir, la devolución de “La Rubia Presumida” y de los $4,000.00 pagados por éste hasta tanto Hermida acreditara el fallecimiento de “La Rubia Presumida”.
Ahora bien, no obstante lo anterior, Rodríguez viene obligado a pagar a Hermida la suma de $685.00 por concepto de costas. El pago de dicha suma no depende del cumplimiento de las obligaciones recíprocas habidas entre Hermida y Rodríguez. Hermida incurrió en una serie de gastos en la acción redhibitoria instada contra Rodríguez. En dicho pleito, Hermida fixe la parte victoriosa. Al Hermida ser la parte victoriosa, la ley impone a Rodríguez, quien es la parte perdidosa, el pago de las costas. De esa manera, Hermida recobraría los gastos necesarios y razonables incurridos en la tramitación del pleito contra Rodríguez. Por consiguiente, resolvemos que el error señalado no fue cometido y que Rodríguez viene obligado a desembolsar a Hermida la suma de $685.00 por concepto de costas impuestas por la sala sentenciadora.
IV
En virtud de los fundamentos que anteceden, EXPEDIMOS el Auto de Certiorari solicitado y CONFIRMAMOS la Resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General