EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Alinaluz Santiago Torres<br><br>Peticionaria<br><br>vs.<br><br>Roberto Pérez López<br><br>Recurrido | Certiorari<br><br>2008 TSPR 119<br><br>174 DPR \_\_\_\_ |

Número del Caso: CC-2007-848


Fecha: 14 de julio de 2008


Tribunal de Apelaciones:

    Región Judicial de Caguas

Juez Ponente:

    Hon. Jorge Escribano Medina


Abogados de la Parte Peticionaria:

    Lcdo. Jaime Ferrer Fontanez
    Lcdo. Humberto Malave Santiago

Abogado de la Parte Recurrida:

    Lcdo. Roberto Pérez López



Materia: Divorcio


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alinaluz Santiago Torres

    Peticionaria

        vs.                  CC-2007-848     *CERTIORARI*

Roberto Pérez López

    Recurrido

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 14 de julio de 2008

Mediante Resolución de 13 de diciembre de 2007, le concedimos el término de 20 días a la parte demandada recurrida para que mostrara "...causa por la cual este Tribunal no debe expedir el auto solicitado y dictar Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones". A pesar del tiempo transcurrido, dicha parte <u>no</u> ha comparecido. Resolvemos según lo intimado en la orden de mostrar causa emitida.

I

La peticionaria Santiago Torres, quien es nacida y criada en Puerto Rico, contrajo

matrimonio el 22 de febrero de 1991 en la Plaza de la Revolución de La Habana, Cuba, con el demandado recurrido Pérez López, quien es oriundo de Cuba. El 4 de junio de 2007, Santiago Torres radicó una demanda de divorcio, por la causal de separación, ante la Sala Superior de Caguas del Tribunal de Primera Instancia. Acompañó como anejos de la referida demanda el original de una certificado de nacimiento del hijo menor de edad habido durante el matrimonio y una copia del Certificado de Matrimonio expedido por el Registrador del Estado Civil de la Dirección de Registros y Notarías de la República de Cuba.

La Secretaria del tribunal de instancia se comunicó con la representación legal de la demandante Santiago Torres en solicitud de un certificado de matrimonio en original. Al informársele que la demandante no contaba con uno, se le requirió la radicación de una moción explicativa al efecto. Al así hacerlo, la demandante expresó: que había contraído matrimonio con el demandado mientras cursaba estudios doctorales en Cuba; que no tiene familia alguna en dicho país; que no tiene forma alguna de conseguir dicho certificado; y que ante la situación de ausencia de relación diplomática entre Cuba y los Estados Unidos, ella está imposibilitada de viajar a Cuba.

El tribunal de instancia, entendiendo que dicha explicación no era satisfactoria, dictó sentencia desestimatoria de la demanda radicada. Insatisfecha, Santiago Torres acudió ante el Tribunal de Apelaciones.

Mediante sentencia a esos efectos[1], el foro apelativo intermedio confirmó la actuación del tribunal de instancia.

Aun inconforme, Santiago Torres acudió ante este Tribunal --vía *certiorari*-- imputándole al foro apelativo intermedio haber errado al:

> no revocar la Sentencia emitida por el Tribunal de Primera Instancia Sala Superior de Caguas al no acoger la copia del certificado de matrimonio celebrado en la Ciudad de la Habana Cuba por serle imposible a la demandante peticionaria obtener el original de su certificado de matrimonio, por haberse extraviado el original y sin estar en controversia el contenido de la copia del certificado de matrimonio.

II

Procede revocar. El Artículo 87 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 265, establece que:

> El matrimonio contraído en los Estados Unidos, o en país extranjero, donde estos actos no estuviesen sujetos a un registro regular o auténtico, puede acreditarse por cualquiera de los medios de prueba admitidos en derecho. (Énfasis suplido.)

Es de notar, sin embargo, que la Regla 69 de Evidencia dispone que:

> A menos que un estatuto o estas reglas dispongan otra cosa, para probar el contenido de un escrito, grabación o fotografía se requiere la presentación del escrito, fotografía o grabación original. (Énfasis suplido.)

---

[1] Juez Ponente, Hon. Jorge L. Escribano Medina.

Esta Regla --conocida como la Regla de la Mejor Evidencia-- exige que cuando para probar un hecho se descanse en el contenido de un escrito, éste debe ser presentado para efectos de constatar su contenido. Pueblo v. Echevarría Rodríguez I, 128 D.P.R. 299, 331 (1991). Ahora bien, el Profesor Ernesto L. Chiesa Aponte nos llama la atención sobre la posibilidad de probar un hecho particular a través de otros medios diferentes al escrito. A esos efectos expresa:

> …cuando determinado hecho puede ser probado mediante el contenido de un escrito… y mediante cualquier otra prueba, la regla de la mejor evidencia no exige que se pruebe mediante la presentación del escrito, aunque éste sea la "mejor evidencia" o la evidencia primaria. El elegir uno u otro medio de prueba es aquí cuestión de credibilidad y valor probatorio para el juzgador. E.L. Chiesa, ante, Tomo II, a la pág. 936.

Sobre este particular, en Colondres v. Bayrón, 114 D.P.R. 833 (1983), determinamos que, a pesar de que un documento en que conste un contrato es la mejor prueba de la existencia del mismo, ésta no es la única forma. En dicho caso se probó de manera incontrovertida, mediante prueba testifical, la existencia y las condiciones de un contrato. Hemos afirmado que nuestro ordenamiento probatorio, en o fuera del cuerpo de las Reglas de Evidencia, no exige determinada forma para establecer un hecho. Pueblo v. Jordán Tarraza, 118 D.P.R. 592 (1987).

Por otro lado, la <u>Regla 70</u> de Evidencia establece que:

Será <u>admisible</u> otra evidencia del contenido de un escrito, grabación o fotografía <u>que no sea el original mismo</u> cuando:

(a)  El original se ha extraviado o ha sido destruido, a menos que el proponente lo haya perdido o destruido de mala fe.

(b)  <u>El original no puede ser obtenido por ningún procedimiento judicial disponible ni de ninguna otra manera</u>.

(c)  El original está en poder de la parte contra quien se ofrece y ésta no produce el original en la vista a pesar de haber sido previamente advertida de que se necesitaría producirlo en la vista.

(d)  El original no está íntimamente relacionado con las controversias esenciales y resultare inconveniente requerir su presentación. (Énfasis suplido.)

Por último, la <u>Regla 73</u> de Evidencia dispone que:

Un duplicado es tan admisible como el original a no ser que surja una genuina controversia en torno a la autenticidad del original o que, bajo las circunstancias del caso, sea injusto admitir el duplicado en lugar del original.

III

Somos del criterio que, en vista de los hechos y circunstancias particulares y específicas del presente caso, la <u>copia</u> del certificado de matrimonio en controversia es admisible bajo las disposiciones del Inciso (b) de la Regla 70 de Evidencia ya que es una realidad que el original de dicho certificado, <u>en estos momentos</u>, no puede ser obtenido por la demandante Santiago Torres "por ningún procedimiento judicial disponible ni de ninguna otra

manera". Por otro lado, en esta etapa de los procedimientos, <u>no</u> existe ninguna controversia genuina en torno a la autenticidad de la copia del documento radicado ante el tribunal de instancia por la demandante; tampoco creemos que surja alguna en el futuro. Después de todo, nadie radica una demanda de divorcio --con los gastos y molestias que ello conlleva-- si no está verdaderamente casado.

De todas maneras, creemos procedente exigir que la demanda de divorcio radicada por Santiago Torres sea <u>juramentada</u> por ésta ante el tribunal de instancia; ello garantiza, aun más, lo aseverado por la demandante en la demanda radicada, lo cual será seguramente reiterado por ella cuando se siente a declarar en la vista en su fondo del caso.

En conclusión, y por los fundamentos antes expresados, procede expedir el auto de *certiorari* y dictar Sentencia <u>revocatoria</u> de la emitida por el Tribunal de Apelaciones, devolviéndose el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Alinaluz Santiago Torres

    Peticionaria

       vs.                  CC-2007-848     *CERTIORARI*

Roberto Pérez López

    Recurrido


SENTENCIA

San Juan, Puerto Rico, a 14 de julio de 2008


Por los fundamentos expuestos en la Opinión que antecede, se dicta Sentencia revocatoria de la emitida por el Tribunal de Apelaciones en el presente caso y se devuelve el caso al foro de instancia para procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Rivera Pérez y señora Fiol Matta concurrieron en el resultado sin opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo