El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
Mediante Resolución de 13 de diciembre de 2007, le concedimos el término de veinte días a la parte demandada recurrida para que mostrara “causa por la cual este Tribunal no debe expedir el auto solicitado y dictar Sentencia revocatoria de la emitida en el presente caso por el Tribunal de Apelaciones”. A pesar del tiempo transcurrido, dicha parte no ha comparecido. Resolvemos según lo intimado en la orden de mostrar causa emitida.
I
La peticionaria Santiago Torres, quien es nacida y criada en Puerto Rico, contrajo matrimonio el 22 de febrero de 1991 en la Plaza de la Revolución de La Habana, Cuba, con el demandado recurrido Pérez López, quien es oriundo *243 de Cuba. El 4 de junio de 2007, Santiago Torres presentó una demanda de divorcio, por la causal de separación, ante la Sala Superior de Caguas del Tribunal de Primera Instancia. Acompañó como anejos de la referida demanda el original de un certificado de nacimiento del hijo menor de edad habido durante el matrimonio y una copia del Certificado de Matrimonio expedido por el Registrador del Estado Civil de la Dirección de Registros y Notarías de la República de Cuba.
La Secretaria del tribunal de instancia se comunicó con la representación legal de la demandante Santiago Torres para solicitarle un certificado de matrimonio en original. Al informársele que la demandante no contaba con uno, se le requirió que presentara una moción explicativa al efecto. Al así hacerlo, la demandante expresó: que había contraído matrimonio con el demandado mientras cursaba estudios doctorales en Cuba; que no tiene familia alguna en dicho país; que no tiene forma alguna de conseguir dicho certificado, y que ante la situación de ausencia de relación diplomática entre Cuba y Estados Unidos, ella está imposibilitada de viajar a Cuba.
El tribunal de instancia, entendiendo que dicha explicación no era satisfactoria, dictó una sentencia que desestimó la demanda presentada. Insatisfecha, Santiago Torres acudió ante el Tribunal de Apelaciones. Mediante sentencia a esos efectos,![1]) el foro apelativo intermedio confirmó la actuación del tribunal de instancia.
Aun inconforme, Santiago Torres acudió ante este Tribunal —vía certiorari— e imputó al foro apelativo intermedio haber errado al
.. .no revocar la Sentencia emitida por el Tribunal de Primera Instancia Sala Superior de Caguas al no acoger la copia del certificado de matrimonio celebrado en la Ciudad de la Habana en Cuba por serle imposible a la demandante-peticionaria obtener el original de su certificado de matrimonio, por *244 haberse extraviado el original y sin estar en controversia el contenido de la copia del certificado de matrimonio. Petición de certiorari, pág. 3.
II
Procede revocar. El Art. 87 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 265, establece:
El matrimonio contraído en los Estados Unidos, o en país extranjero, donde estos actos no estuviesen sujetos a un registro regular o auténtico, puede acreditarse por cualquiera de los medios de prueba admitidos en derecho. (Enfasis suplido.)
Es de notar, sin embargo, que la Regla 69 de Evidencia, 32 L.P.R.A. Ap. IV, dispone:
A menos que un estatuto o estas reglas dispongan otra cosa, para probar el contenido de un escrito, grabación o fotografía se requiere la presentación del escrito, fotografía o grabación original. (Enfasis suplido.)
La Regla 69 —conocida como la Regla de la Mejor Evidencia— exige que cuando para probar un hecho se descanse en el contenido de un escrito, éste se debe presentar para constatar su contenido. Pueblo v. Echevarría Rodríguez I, 128 D.P.R. 299, 331 (1991). Ahora bien, el profesor Ernesto L. Chiesa Aponte nos llama la atención sobre la posibilidad de probar un hecho particular a través de otros medios diferentes al escrito. A esos efectos, expresa que
... cuando determinado hecho puede ser probado mediante el contenido de un escrito ... y mediante cualquier otra prueba, la regla de la mejor evidencia no exige que se pruebe mediante la presentación del escrito, aunque éste sea la “mejor evidencia” o la evidencia primaria. El elegir uno u otro medio de prueba es aquí cuestión de credibilidad y valor probatorio para el juzgador. ... E.L. Chiesa, Tratado de derecho probatorio: Reglas de Evidencia de Puerto Rico y federales, San Juan, Pubs. J.T.S., 2005, T. II, pág. 936.
Sobre este particular, en Colondres Vélez v. Bayrón Vélez, 114 D.P.R. 833 (1983), determinamos que, a *245 pesar de que un documento en que conste un contrato es la mejor prueba de su existencia, ésta no es la única forma. En dicho caso se probó de manera incontrovertida, mediante prueba testifical, la existencia y las condiciones de un contrato. Hemos afirmado que nuestro ordenamiento probatorio, en o fuera del cuerpo de las Reglas de Evidencia, no exige determinada forma para establecer un hecho. Pueblo v. Jordán Tarraza, 118 D.P.R. 592 (1987).
Por otro lado, la Regla 70 de Evidencia, 32 L.P.R.A. Ap. TV, establece que
[s]erá admisible otra evidencia del contenido de un escrito, grabación o fotografía que no sea el original mismo cuando:
(a) El original se ha extraviado o ha sido destruido, a menos que el proponente lo haya perdido o destruido de mala fe.
(b) El original no puede ser obtenido por ningún procedimiento judicial disponible ni de ninguna otra manera.
(c) El original está en poder de la parte contra quien se ofrece y ésta no produce el original en la vista a pesar de haber sido previamente advertida de que se necesitaría producirlo en la vista.
(d) El original no está íntimamente relacionado con las controversias esenciales y resultare inconveniente requerir su presentación. (Énfasis suplido.)
Por último, la Regla 73 de Evidencia, 32 L.P.R.A. Ap. IV, dispone que
[u]n duplicado es tan admisible como el original a no ser que surja una genuina controversia en torno a la autenticidad del original o que, bajo las circunstancias del caso, sea injusto admitir el duplicado en lugar del original.
III
Opinamos que, en vista de los hechos y circunstancias particulares y específicas del presente caso, la copia del certificado de matrimonio en controversia es admisible según las disposiciones del inciso (b) de la citada Regla 70 de Evidencia, ya que es una realidad que la demandante San *246 tiago Torres no puede obtener, en estos momentos, el original de dicho certificado, “por ningún procedimiento judicial disponible ni de ninguna otra manera”. Por otro lado, en esta etapa de los procedimientos, no existe ninguna controversia genuina en torno a la autenticidad de la copia del documento que la demandante presentó ante el tribunal de instancia; tampoco creemos que suija alguna en el futuro. Después de todo, nadie presenta una demanda de divorcio —con los gastos y molestias que ello conlleva— si no está verdaderamente casado.
De todas maneras, creemos procedente exigir que la demanda de divorcio presentada por Santiago Torres sea juramentada por ésta ante el tribunal de instancia; ello garantiza, aún más, lo aseverado por la demandante en la demanda presentada, lo cual será seguramente reiterado por ella cuando se siente a declarar en la vista en su fondo del caso.

En conclusión, y por los fundamentos antes expresados, procede expedir el auto de “certiorari” y dictar Sentencia para revocar la que emitió el Tribunal de Apelaciones, y devolver el caso al foro de instancia para procedimientos ulteriores compatibles con lo aquí resuelto.

Se dictará sentencia de conformidad.

Los Jueces Asociados Señor Rivera Pérez y Señora Fiol Matta concurrieron con el resultado sin opinión escrita.

(1) Hon. Jorge L. Escribano Medina, juez ponente.