<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
<tr>
<td>CONSEJO DE TITULARES DEL CONDOMINIO TORRES DE ORO<br><br>Recurrido<br><br>V.<br><br>ANA VALENTÍN TORRES<br><br>Peticionaria</td>
<td>KLCE202500444</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>PO2019CV03830<br><br>Sobre:<br>Cobro de Dinero (R. 60)</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2025.

Comparece ante nos la señora Ana Valentín Torres (señora Valentín Torres o peticionaria) en solicitud de que revisemos una *Resolución* emitida el 17 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] En dicho dictamen, el TPI declaró No Ha Lugar a la solicitud de costas, gastos y honorarios de la peticionaria por entender que no se solicitaron dentro del término dispuesto en la Regla 44.1 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (b).

Por los fundamentos que expondremos a continuación, se adelanta la expedición del auto de *certiorari* y revocación de la *Resolución* recurrida.

**I.**

El caso de autos se originó el 4 de noviembre de 2019 cuando el Consejo de Titulares del Condominio Torre de Oro (Consejo de Titulares o recurrido) presentó una *Demanda* de cobro de dinero

---

[1] Apéndice de *Petición de Certiorari*, Anejo I, págs. 13-14. Archivado y notificado el 18 de marzo de 2025.

contra la señora Valentín Torres por un alegado incumplimiento de contrato de servicios profesionales como administradora.[2]

El TPI desestimó la *Demanda* mediante una *Sentencia* emitida el 5 de diciembre de 2024, en la que resolvió que el Consejo de Titulares no presentó prueba suficiente para demostrar sus alegaciones contra la peticionaria.[3]

Así las cosas, el 16 de diciembre de 2024, la señora Valentín Torres presentó un *Memorando de Costas, Gastos y Honorarios*.[4] En este, solicitó que el Foro Primario le impusiera al recurrido el pago de $852.32 por concepto de costas, a razón de $90.00 por un Sello de Rentas Internas y $762.32 por la deposición transcrita de un testigo. A su vez, solicitó el pago de $9,000 por concepto de honorarios de abogado por temeridad. Según la peticionaria, el Consejo de Titulares presentó esta reclamación innecesaria de manera temeraria, ya que se demostró que ejerció sus funciones como administradora del Condominio eficiente y responsablemente. Asimismo, puntualizó que las acciones del recurrido causaron un detrimento en sus derechos, afectó su reputación profesional y conllevó gastos de defensa.

En atención a lo anterior, el 17 de marzo de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la solicitud de costas y honorarios de abogado de la peticionaria.[5] El Foro Primario resolvió que: "El Tribunal ha verificado detenidamente el expediente, antes de emitir esta Resolución, y no le cabe duda alguna que el Memorando fue presentado fuera de término".[6] Esto, en vista de que la *Sentencia* se notificó el 5 de diciembre de 2024 y el memorando se presentó el 16 de diciembre de 2024 a las 6:24 p.m.

---

[2] *Íd.*, Anejo V, págs. 27-30.
[3] *Íd.*, Anejo X, págs. 50-63. Archivada y notificada el 5 de diciembre de 2024.
[4] *Íd.*, Anejo II, págs. 15-22.
[5] *Íd.*, Anejo I, págs. 13-14.
[6] *Íd.*, pág. 13.

Inconforme, el 21 de marzo de 2025, la peticionaria presentó una *Moción en Solicitud de Reconsideración*.[7] En esta, esgrimió que, a tenor con la Regla 68 de Procedimiento Civil, *supra*, R. 68, y las *Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos*, cuando un término de presentación de documentos vence un día no laborable, se extiende automáticamente hasta las 11:59 p.m. del próximo día laborable. Por ello, precisó que el término para presentar el memorando de costas se extendió hasta el lunes, 16 de diciembre de 2024, ya que venció el domingo, 15 de diciembre de 2024, un día no laborable.

En respuesta, el 25 de marzo de 2025, el Foro recurrido emitió una *Resolución* en la que declaró No Ha Lugar a la reconsideración.[8]

Aún inconforme, el 24 de abril de 2025, la señora Valentín Torres presentó un recurso de *certiorari*, en el que señaló que el Foro Primario incurrió en el siguiente error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA[,] SALA DE PONCE AL DECLARAR "*NO HA LUGAR*" EL *MEMORANDO DE COSTAS, GASTOS Y HONORARIOS* CONFORME A LA REGLA 44.1 DE PROCEDIMIENTO CIVIL DE PUERTO RICO Y EL DERECHO VIGENTE FUNDAMENTÁNDOSE EN QUE SE RADICÓ EL ESCRITO FUERA DE TÉRMINO, SIN TOMAR EN CONSIDERACIÓN LA REGLA 68.1, DE LAS DE PROCEDIMIENTO CIVIL DE PR.**

En esencia, la peticionaria planteó que el TPI abusó de su discreción al denegar su *Memorando de Costas, Gastos y Honorarios* ante el fundamento de que venció el término para presentarlo. Pues, indicó que, conforme con la Regla 68.1 de Procedimiento Civil, *supra*, R. 68.1, un término de presentación de documentos no vence un día no laborable, ya que se extiende automáticamente hasta el fin del próximo día laborable. En tal sentido, esgrimió que el término para solicitar las costas y los honorarios se extendió hasta el lunes, 16 de

---

[7] *Íd.*, Anejo III, págs. 23-25.
[8] *Íd.*, Anejo IV, pág. 26. Archivada y notificada el 25 de marzo de 2025.

diciembre de 2024, ya que el último día para presentar el memorando era el domingo, 15 de diciembre de 2024, una fecha no laborable. Por ello, señaló que radicó el memorando de costas en término.

Por su parte, el 22 de mayo de 2025, el Consejo de Titulares presentó su oposición a la expedición del auto de *certiorari*. Ello, al alegar que el recurso se presentó fuera del término jurisdiccional por entender que venció el 18 de abril de 2023, a los treinta (30) días de notificarse la determinación recurrida. Según el recurrido, la *Resolución* en reconsideración dictada y notificada el 25 de marzo de 2025 no interrumpió el término, toda vez que el TPI la declaró No Ha Lugar. En términos sustantivos, adujo que no procedía el gasto por la transcripción de la deposición, ya que el Foro Primario no utilizó dicho documento como base sustancial para su decisión. Por último, manifestó que no se sostenía la concesión de honorarios de abogados por temeridad, ya que respondía a una sanción punitiva en reacción a una conducta sobre la cual el TPI no se expresó.

## II.

### A. *Certiorari*

Una determinación sobre asuntos post-sentencia es revisable solamente mediante el recurso de *certiorari*. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR, supra.* Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En tal virtud, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

### B. Memorando de costas

La Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, rige lo concerniente a la concesión de costas por los gastos necesarios y razonables que la parte prevaleciente incurrió en la tramitación del pleito. *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 211 (2017); *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 934 (2012). La imposición de costas es automática cuando se reclaman, aunque su concesión no opera automáticamente. *Íd.*; *ELA v. El Ojo de Agua Development*, 205 DPR 502 (2020); *Colondres Vélez v. Bayron Vélez*, 114 DPR 833, 839 (1983). Pues, está sujeto a la oportuna presentación y notificación de un memorando de costas en el que se precisen todas las partidas de los gastos y desembolsos necesarios incurridos durante la tramitación del pleito. *Íd.*

Según se dispone en el inciso (b) de la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, el memorando de costas se presentará dentro de los diez (10) días contados a partir del archivo en autos de la copia de la notificación de la sentencia. Dicho término es jurisdiccional, por lo que es improrrogable, fatal e insubsanable.

*Íd.* Es decir, su cumplimiento tardío priva al tribunal de autoridad para considerar la concesión de costas. *Íd.* Véase Regla 68.2 de Procedimiento Civil, *supra*, R. 68.2.

### C. Cómputo de términos

La Regla 68.1 de Procedimiento Civil, *supra*, R. 68.1, dispone que al computar cualquier término concedido por estas reglas, orden del tribunal o ley aplicable, no se contará el día en que se realice el acto, evento o incumplimiento que da lugar al decurso del término. R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 231. Además, el último día del precitado término se incluirá siempre que no sea sábado, domingo, ni día de fiesta legal, por lo que el plazo se extiende hasta el fin del próximo día laborable, con el mismo efecto que si se hubiera realizado en el día señalado. *SLG Saldaña-Saldaña v. Junta*, 201 DPR 615, 625 (2018). Véase, también, Artículos 388 y 389 del Código Político de Puerto Rico, 1 LPRA secs. 72-73. Esta normativa sobre el vencimiento de términos en días no laborables no se debe alterar aun cuando la presentación y notificación de documentos sea electrónica. R. Hernández Colón, *op. cit.*, pág. 232.

### III.

En el presente caso, la señora Valentín Torres señaló que el TPI incurrió en error al determinar que el *Memorando de Costas, Gastos y Honorarios* se presentó fuera del término de diez (10) días desde que se archivó y notificó la *Sentencia* según disponía la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1. La peticionaria adujo que el Foro Primario no consideró la Regla 68.1 de Procedimiento Civil, *supra*, R. 68.1, la cual establece que si el término para la presentación de un documento vencía un día no laborable, se extendía automáticamente para el próximo día laborable.

Tras una lectura del expediente, concluimos que le asiste la razón a la señora Valentín Torres. Un simple cómputo, unido a la

antes indicada normativa, devela que el término de diez (10) días que la peticionaria disponía desde el 5 de diciembre de 2024 para solicitar la concesión de costas vencía el domingo, 15 de diciembre de 2024. Toda vez que dicho término venció un día no laborable, se extendió automáticamente al próximo día laborable, que en este caso era hasta las 11:59 p.m. del lunes, 16 de diciembre de 2024. Así que, la peticionaria ejerció su derecho dentro del término dispuesto para presentar un memorando de costas, al realizarlo a las 6:24 p.m. del referido lunes, 16 de diciembre. Debemos reiterar que, a tenor con la normativa jurídica vigente sobre el cómputo de términos, cuando un término vence un día no laborable, ya sea un sábado, domingo o día feriado legal, se extiende al próximo día laborable. Véase Regla 68.1 de Procedimiento Civil, *supra*, R. 68.1; Artículos 388 y 389 del Código Político de Puerto Rico, *supra*, secs. 72-73.

Por ello, ciertamente el TPI cometió el error de establecer que no le cabía duda de que la señora Valentín Torres presentó el memorando de costas fuera de término. Así las cosas, expedimos el auto de *certiorari*, revocamos la *Resolución* recurrida y devolvemos el caso al Foro Primario para que considere el *Memorando de Costas, Gastos y Honorarios* de la peticionaria en sus méritos.

Por último, resulta importante destacar que el hecho de que el TPI declarara No Ha Lugar a la solicitud de reconsideración de la peticionaria no incidió sobre el término con el que disponía para presentar el presente recurso.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se revoca la determinación recurrida.

Se devuelve el caso al Foro Primario para que continúe con los procedimientos de conformidad con lo aquí dispuesto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones