Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| OMAR MERCADO VÁZQUEZ<br><br>APELANTE<br><br>V.<br><br>MUNICIPIO AUTÓNOMO DE CATAÑO Y OTROS<br><br>APELADOS | TA2025AP00519 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: CT2021CV00064<br><br>Sobre: Daños |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Comparece el Sr. Omar Mercado Vázquez (señor Mercado Vázquez o el apelante) y solicita la revocación de la *Sentencia Parcial* emitida el 21 de julio de 2025 por el Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario), notificada el 22 de julio de 2025 y **reconsiderada parcialmente** por el foro primario mediante *Orden* de 3 de septiembre de 2025, notificada el 4 de septiembre de 2025, a los fines de aumentar la cuantía por concepto de honorarios de abogado que le fue impuesta al apelante en la aludida *Sentencia Parcial.*[1]

Por los fundamentos que expondremos a continuación, revocamos aquellos extremos de la *Sentencia Parcial* **reconsiderada** parcialmente por el foro primario mediante la *Orden* notificada 4 de septiembre de 2025; dejamos sin efecto el aumento en la cuantía de honorarios de abogado impuesta al apelante mediante la referida *Orden* y restituimos la suma **$5,500.00 por concepto de costas, gastos y honorarios de abogado,** determinada en la *Sentencia Parcial.*

---

[1] *Véase* Entradas Núm. 149 y Núm. 156 de SUMAC TPI.

**I.**

Del trasfondo fáctico y procesal del caso de epígrafe surge que anteriormente el señor Mercado Vázquez había comparecido ante nos a los fines de solicitar nuestra intervención para que dejáramos sin efecto la "*Sentencia Parcial*" emitida el 21 de julio de 2025 y notificada el 22 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón en el caso con designación alfanumérica CT2021CV00064.

Mediante la referida *Sentencia Parcial* el **tribunal de instancia desestimó la reclamación por libelo, calumnia y difamación entablada por este en contra del Municipio Autónomo de Cataño ("Municipio de Cataño")** **y le ordenó pagar al apelante la cantidad de $5,500.00 en concepto de costas**, **gastos y honorarios de abogado**, todo, dentro de un pleito civil sobre daños y perjuicios incoado por el señor Mercado Vázquez en contra del Municipio de Cataño, representado por su alcalde el Hon. Félix Delgado Montalvo; Javish Collazo Fernández y la Sociedad Legal de Bienes Gananciales compuesta por él y Fulana de Tal; Edwin Rivera Martínez y la Sociedad Legal de Bienes Gananciales compuesta por él y Sutana de Tal; Juan J. Torres González y la Sociedad Legal de Bienes Gananciales compuesta por él y Mengana de Tal; Luis A. Acosta Alago y la Sociedad Legal de Bienes Gananciales compuesta por él y Juana de Tal; y los desconocidos Aseguradora ABC y Fulano de Tal (en conjunto, parte apelada). El foro primario adjudicó la *Moción en Solicitud de Desestimación de las Causas de Difamación, Libelo y Calumnia contra el Municipio de Cataño*, presentada por el Municipio el 29 de noviembre de 2023 en dicho pleito, fundamentada en que la ley prohíbe que se presenten reclamaciones sobre daños y perjuicios en contra de los municipios por actos u omisiones de un funcionario, agente o empleado si dicho acto u omisión es constitutivo de calumnia, libelo o difamación.[2]

En aquella ocasión, mediante ***Sentencia*** de 9 de septiembre de 2025, emitida en el caso con designación alfanumérica **TA2025AP00311**

---

[2] *Véase* Entrada Núm. 89 de SUMAC TPI.

desestimamos el recurso de apelación presentado por el señor Mercado Vázquez al amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 105-116, 215 DPR ____ (2025), por carecer de jurisdicción para evaluar sus méritos. Toda vez que la cuantía que le fue impuesta por conceptos de honorarios de abogado fue posteriormente reconsiderada por el foro primario para aumentarla y dicha determinación no fue objeto de la Apelación que atendíamos en aquel momento. Así, en el caso **TA2025AP00311** concluimos que en vista de lo anterior, carecíamos de autoridad para revisar una determinación de honorarios de abogado que no era vinculante, toda vez que había sido dejada sin efecto por una nueva adjudicación.

En la ***Moción de Reconsideración Respecto a Cuantía de Honorarios de Abogado,*** presentada **por el Municipio y demás apelados el 6 de agosto de 2025,** estos habían planteado ante el **TPI** que si bien la cantidad impuesta en la *Sentencia Parcial* cubría los gastos incurridos por el Municipio, esta no reflejaba una cuantía razonable por concepto de honorarios de abogado debido a la naturaleza y gravedad de la temeridad incurrida por el apelante. A esos efectos, el Municipio, solicitó la reconsideración de la *Sentencia Parcial* únicamente en cuanto estos extremos.[3] El 7 de agosto de 2025, el foro primario emitió una orden concediendo el término de veinte (20) días para que el Municipio presentara una moción con información sobre las horas trabajadas para poder evaluar la solicitud y considerar aumentar la cuantía concedida de proceder.[4] Así las cosas, el 27 de agosto de 2025, la parte apelada presentó *Moción Informativa para Anejar Documento de Forma Confidencial y en Cumplimiento de Orden.*[5]

El tracto procesal que precedió a nuestra *Sentencia* desestimatoria en el caso TA2025AP00311 obedeció expresamente a que mediante ***Orden***

---

[3] *Véase* Entrada Núm. 153 de SUMAC TPI en el Caso Núm. CT2021CV00064.
[4] *Véase* Entrada Núm. 154 de SUMAC TPI.
[5] *Véase* Entrada Núm. 155 de SUMAC.

**de 3 de septiembre de 2025**, **notificada el 4 de septiembre del corriente año**, el **foro primario,** tras evaluar la ***Moción de Reconsideración Respecto a Cuantía de Honorarios de Abogado*** presentada por el Municipio y demás apelados. **y la Moción Informando las Horas Trabajadas** presentada también por la parte apelada el 27 de agosto de 2025, **reconsideró la Sentencia Parcial e impuso el pago de $30,995.00 por concepto de honorarios de abogado**.[6]

A raíz de nuestra Sentencia emitida en el caso TA2025AP00311, y de la referida ***Orden,*** el **18 de septiembre de 2025**, el señor Mercado Vázquez presentó ***Moción de Reconsideración de Orden*** ante el foro primario **en la que impugnó el aumento en la cuantía por concepto de honorarios de abogado**.[7] En ajustada síntesis, el apelante esbozó que en la jurisdicción federal el objetivo principal que persigue la imposición de honorarios de abogado es compensar a la parte victoriosa por los gastos necesarios en que, por concepto de honorarios, incurrió al litigar el caso. En nuestra jurisdicción el propósito fundamental de la Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V., R.44.1 (d), fuente para la concesión de honorarios de abogado, es el de penalizar o sancionar a aquellas partes que por su temeridad, obstinación, contumacia e insistencia en una actitud frívola o desprovista de fundamento, obligan a una parte a asumir y sufrir las molestias, gastos, trabajo e inconveniencias de un litigio innecesario. Así como, exige al foro primario que le imponga a la parte una suma por concepto de honorarios que corresponda al grado o intensidad de tal conducta temeraria o frívola. *Corpak Inc.*, *y Art Printing*, *Inc.* v. *Ramallo Brothers Printing Inc.*, 125 DPR 724 (1990); *Vélez* v. *Bayrón* Vélez, 114 DPR 833 (1983).

El 7 de octubre de 2025, la parte Apelada presentó *Oposición a Moción de Reconsideración* ante el foro primario en la que sostiene que el apelante, en su solicitud de reconsideración, no articula perjuicio alguno ni

---

[6] Véase Entradas Núm. 153,  Núm. 155 y Núm. 156 SUMAC TPI.
[7] *Véase* Entrada Núm. 60 de SUMAC TPI.

identifica defecto procesal alguno que vicie la orden mediante la cual el TPI reconsidera parcialmente la *Sentencia Parcial* e impone al apelante el pago de la suma de **$30,995.00 por concepto de honorarios de abogado**.[8]

Mediante *Orden* emitida y notificada el 8 de octubre de 2025, el foro primario declaró *No Ha Lugar* la *Moción de Reconsideración* presentada por el apelante sobre esos extremos.[9]

Inconforme, el señor Mercado Vázquez acude ante nos mediante el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL APLICAR EL ESTÁNDAR FEDERAL SOBRE LA CONCESIÓN DE HONORARIOS DE ABOGADO, SIN QUE MEDIARA UNA DETERMINACIÓN DE TEMERIDAD. TAL ACTUACIÓN RESULTA CONTRARIA A NUESTRO ORDENAMIENTO, TODA VEZ QUE EN LA ESFERA LOCAL LOS HONORARIOS SOLO PROCEDEN DE MANERA EXCEPCIONAL, SUJETO A UNA JUSTIFICACIÓN EXPRESA POR EL TRIBUNAL, Y NO DE FORMA AUTOMÁTICA.

CONVIENE DESTACAR QUE, EN LA JURISDICCIÓN FEDERAL, LA REGLA GENERAL ES QUE LA PARTE PERDIDOSA ESTÁ OBLIGADA A SUFRAGAR LOS HONORARIOS DE LA PARTE VENCEDORA, LO QUE RESPONDE A UN PRINCIPIO PROCESAL DISTINTO AL VIGENTE EN PUERTO RICO. EL FORO RECURRIDO, AL TRASLADAR DICHO ESTÁNDAR, INCURRIÓ EN ERROR MANIFIESTO AL PRETENDER IMPONER AUTOMÁTICAMENTE AL DEMANDANTE EL PAGO DE HONORARIOS SIN EL REQUISITO INDISPENSABLE DE UNA DECLARACIÓN DE TEMERIDAD.

ESTE NO FUE EL ÚNICO DESATINO COMETIDO POR EL FORO. EN UN GIRO AÚN MÁS INSÓLITO, EL MUNICIPIO DE CATAÑO, JUNTO A LOS CODEMANDADOS SR. EDWIN RIVERA MARTÍNEZ, SR. JUAN J. TORRES GONZÁLEZ, SR. LUIS A. ACOSTA ALAGO Y SR. JAVISH COLLAZO FERNÁNDEZ, —SIN CONTAR CON DETERMINACIÓN JUDICIAL ALGUNA QUE LES FAVORECIERA—, SE ATREVIERON A SOLICITAR UN AUMENTO EN LA CUANTÍA POR CONCEPTO DE HONORARIOS DE ABOGADO, AMPARÁNDOSE EN UNA SUPUESTA "FACTURA CONFIDENCIAL" QUE LA PARTE DEMANDANTE JAMÁS PUDO VER NI EXAMINAR.

TAL PRETENSIÓN, IMPROPIA DE UN PROCEDIMIENTO TRANSPARENTE Y JUSTO, FUE INEXPLICABLEMENTE ACOGIDA, ELEVÁNDOSE LA CUANTÍA A $30,995.00. ESTA ACTUACIÓN NO SOLO HIERE DE MUERTE LOS PRINCIPIOS MÁS ELEMENTALES DEL DEBIDO PROCESO, SINO QUE ADEMÁS ATENTA CONTRA LA CONSTITUCIÓN, VIOLA LAS NORMAS PROCESALES QUE RIGEN LOS CASOS CIVILES, Y DESCONOCE LA DOCTRINA REITERADA DE NUESTRO MÁS ALTO FORO EN CUANTO A LA ADJUDICACIÓN DE HONORARIOS POR TEMERIDAD. PEOR AÚN, COLOCA EN ENTREDICHO LA LEGALIDAD DE LOS CONTRATOS Y SERVICIOS PROFESIONALES DEL MUNICIPIO, EN APARENTE

---

[8] *Véase* Entrada Núm. 163 de SUMAC TPI, Caso Núm. CT2021CV00064.
[9] *Véase* Entrada Núm. 165 de SUMAC TPI.

CONTRAVENCIÓN A LA LEY NÚM. 237 DE 31 DE AGOSTO DE 2004, SEGÚN ENMENDADA, CONOCIDA COMO LA " LEY PARA ESTABLECER PARÁMETROS UNIFORMES EN LOS PROCESOS DE CONTRATACIÓN DE SERVICIOS PROFESIONALES Y CONSULTIVOS PARA LAS AGENCIAS Y ENTIDADES GUBERNAMENTALES DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO."

EN SÍNTESIS, LO OCURRIDO CONSTITUYE UNA AFRENTA DIRECTA A LA JUSTICIA, A LA TRANSPARENCIA Y A LA EQUIDAD, PUES SE VALIDÓ UNA SOLICITUD FUNDAMENTADA EN LA OSCURIDAD, SUSTENTADA EN DOCUMENTOS SECRETOS Y PRIVILEGIOS AUTOPROCLAMADOS, CON EL ÚNICO EFECTO DE PERJUDICAR AL SEÑOR OMAR MERCADO Y MENOSCABAR LA FE PÚBLICA EN LA ADMINISTRACIÓN DE JUSTICIA.

El 24 de noviembre de 2025, compareció ante nos la parte apelada mediante *Oposición a Recurso de Apelación* en la que nos solicita que acojamos el recurso presentado por el señor Mercado Vázquez como una petición de *certiorari* y que procedamos a denegarlo por tratarse de una determinación enmarcada en el ámbito discrecional del foro primario el cual sostiene se ejerció dentro de parámetros de razonabilidad. Razona la parte apelada que, toda vez que el apelante nos solicita la revocación de la Orden notificada el 4 de septiembre de 2025 -mediante la cual el foro primario reconsideró parcialmente la *Sentencia Parcial* a los únicos fines de aumentar la cuantía por concepto de honorarios de abogado- se trata de un dictamen revisable mediante el recurso discrecional de *certiorari.* En cuanto a la procedencia de dicho aumento, el Municipio sostiene que el apelante no objetó la factura confidencial presentada y que transcurrieron más de veinte días sin que dicha parte se opusiera la solicitud de reconsideración presentada por el Municipio. Finalmente, reitera el Municipio que no procede intervenir con la determinación de temeridad del foro primario así como tampoco con la cuantía por concepto de honorarios de abogado.

**II.**

**-A-**

La Regla 44.1(d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, establece que "[e]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de

honorarios de abogado que el tribunal entienda corresponda a tal conducta. […]". Lo anterior quiere decir que, si el tribunal sentenciador determina la existencia de temeridad, la imposición de honorarios es imperativa. *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 211 (2013).

La temeridad es aquella conducta que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o requiera a la otra parte efectuar gestiones innecesarias. *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 925 (2012). El propósito de la imposición de honorarios de abogado en casos de temeridad es penalizar a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito. *Andamios de P.R. v. Newport Bonding*, 179 DPR 503, 520 (2010). Además, la imposición de temeridad tiene el propósito de disuadir la litigación innecesaria y alentar las transacciones mediante la imposición de sanciones a la parte temeraria para compensar los perjuicios económicos y molestias sufridas por la otra parte. *Blás v. Hosp. Guadalupe*, 146 DPR 267, 335 (1998).

Según el Tribunal Supremo, existe temeridad en las siguientes instancias: 1) contestar una demanda y negar responsabilidad total, aunque se acepte posteriormente; 2) defenderse injustificadamente de la acción; 3) creer que la cantidad reclamada es exagerada y que sea esa la única razón que se tiene para oponerse a las peticiones del demandante sin admitir francamente su responsabilidad, pudiendo limitar la controversia a la fijación de la cuantía a ser concedida; 4) arriesgarse a litigar un caso del que se desprendía prima facie su responsabilidad y 5) negar un hecho que le conste es cierto a quien hace la alegación. *C.O.P.R. v. S.P.U.*, 181 DPR 299, 342 (2011). La evaluación de si ha mediado o no temeridad recae sobre la sana discreción del tribunal sentenciador y sólo se intervendrá con ella en casos en que dicho foro haya abusado de tal facultad. *PR Fast Ferries et al. v. AAPP*, 213 DPR 103 (2023).

Ahora bien, la temeridad es improcedente en aquellos litigios que contienen controversias complejas y novedosas aun no resueltas en nuestra jurisdicción o cuando la parte concernida responde a lo que resulta ser una apreciación errónea del derecho. *Meléndez Vega v. El Vocero de PR*, supra, pág. 212

Una vez determinada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. *Colón Santos* v. *Coop. Seg. Múlt. P.R.,* 173 DPR 170, 188 (2008); *Blás Toledo v. Hosp. La Guadalupe*, 146 DPR 267, 334 (1998). En consecuencia, la determinación de temeridad conlleva posteriormente la fijación de una suma **razonable** de honorarios. *Vega v. Luna Torres*, 126 DPR 370 374 (1990). (Énfasis nuestro). De manera que, la imposición de honorarios de abogado y su cuantía es una determinación **discrecional** del tribunal sentenciador, sólo revisable ante indicios **de abuso de discreción por parte del juzgador**. *Colón Santos v. Coop. Seg. Múlt. P.R., supra*, pág. 188. Como la imposición de honorarios de abogado descansa en la sana discreción judicial, puede ser variada en apelación si se demuestra abuso de esta. *SLG González-Figueroa v. SLG et al., supra*, pág. 150.

El Tribunal Supremo, ha identificado el abuso de discreción cuando el juzgador (1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) le concede demasiado peso a un hecho inmaterial y funda sus determinaciones principalmente en ese hecho o (3) cuando al examinar todos los hechos de un caso hace un análisis liviano y la determinación resulta irrazonable. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III.**

Es la contención principal del apelante que incidió el foro primario al aplicar el estándar federal sobre la concesión de honorarios de abogado sin que mediara una determinación de temeridad. Razona el señor Mercado Vázquez, que toda vez que en la esfera local los honorarios solo proceden de forma excepcional y no automática, sujeto a la determinación previa de

temeridad, tal actuación del foro primario resulta contraria a nuestro ordenamiento. Sobre estos extremos, argumenta igualmente el apelante que, si bien en la jurisdicción federal la regla general es que la parte perdidosa está obligada a sufragar los honorarios de la parte vencedora ello responde a un principio procesal distinto al vigente en Puerto Rico. Arguye que los honorarios de abogado en el caso que nos ocupa se impusieron y aumentaron sin hacer una determinación de temeridad, sino tras evaluar una moción informativa de la parte apelada sobre horas trabajadas y gastos legales incurridos.

A diferencia de la jurisdicción federal, en que el objetivo principal que persigue la imposición de honorarios de abogado es compensar a la parte victoriosa por los gastos necesarios en que, por concepto de honorarios, incurrió al litigar el caso- **en nuestra jurisdicción el propósito fundamental de la Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V., R.44.1 (d), fuente para la concesión de honorarios de abogado, es el de penalizar o sancionar a aquellas partes que por su temeridad, obstinación, contumacia e insistencia en una actitud frívola o desprovista de fundamento, obligan a una parte a asumir y sufrir las molestias, gastos, trabajo e inconveniencias de un litigio innecesario. Además, exige al foro primario que le imponga a la parte una suma por concepto de honorarios que corresponda al grado o intensidad de tal conducta temeraria o frívola**. *Véase, Corpak Inc., y Art Printing, Inc.* v. *Ramallo Brothers Printing Inc.*, 125 DPR 724 (1990); *Vélez* v. *Bayrón Vélez*, 114 DPR 833 (1983).

Cónsono con lo anterior, es preciso destacar que el desglose de gastos legales incurridos por la parte apelada en la tramitación del pleito, según surge de la moción informativa presentada por estos y que pesó en el ánimo del foro primario para aumentar mediante reconsideración la suma de honorarios de abogado fijada en la *Sentencia Parcial*, no es un elemento a considerar a los fines de fijar o aumentar la cuantía correspondiente de honorarios por temeridad.

De la referida *Orden* de 4 de septiembre de 2025, surge claramente que el único criterio para aumentar dicha cuantía, por concepto de honorarios de abogado, no estuvo basado en la naturaleza o intensidad de la conducta temeraria de la parte apelante ,determinada implícitamente por el TPI en la *Sentencia* Parcial. Por el contrario, se basó únicamente en las horas trabajadas informadas por la parte apelada mediante moción, lo cual, en nuestro ordenamiento procesal civil no da margen a ningún aumento en la partida por honorarios de abogado.

Toda vez que en la *Orden* de 4 de septiembre de 2025, el foro primario no esbozó ningún criterio o razonamiento pertinente a la conducta temeraria del apelante, que justificara el aumento en la partida por concepto de honorarios de abogado, concluimos que dicho aumento a $30,995.00, además de injustificado, es irrazonable y excesivo. Con estos antecedentes, concluimos que incidió el foro primario al aumentar la cuantía por concepto de honorarios de abogado impuesta al apelante mediante la referida *Orden* de 4 de septiembre de 2025.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, revocamos aquellos extremos de la *Sentencia Parcial* **reconsiderada** parcialmente por el foro primario mediante la *Orden* notificada 4 de septiembre de 2025, y restituimos la suma **$5,500.00** según determinada en la *Sentencia Parcial.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones